[No. 20378.  In Bank. — March 28, 1888.]

THE PEOPLE, RESPONDENT, v. THOMAS A. COLLINS, APPELLANT.

CRIMINAL LAW — REFUSAL OF CONTINUANCE — DISCRETION. — It is within the discretion of the trial court to refuse a continuance on the ground that the prior engagements of counsel were such as to prevent him from making due preparations for the trial, and its action will not be interfered with on appeal, unless it clearly appears that there has been an abuse of discretion.

ID. — EVIDENCE — IMMATERIAL ERROR. — Error in admitting evidence which is without prejudice to the appellant should be disregarded.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of the crime of rape. The further facts are stated in the opinion of the court.

*John D. Whaley*, for Appellant.

*Attorney-General Johnson*, for Respondent.

SHARPSTEIN, J.—We are urged by appellant's counsel to reverse the judgment and order denying defendant's motion for a new trial on two grounds, neither of which, in our opinion, is tenable.

1. The defendant's motion for a continuance on the ground that his counsel had been unable, in consequence of another and prior engagement, to make due preparation for the trial of defendant's case, was one which

addressed itself to the sound discretion of the court below, and ought not to be interfered with unless we could see clearly that there had been an abuse of discretion, which is not in this case apparent to us.

2. Defendant was examined as a witness in his own behalf; and for the purpose of impeaching him, the prosecution called one Adams as a witness, and after he had testified to having known the defendant about four years, the prosecuting attorney asked him if he knew the defendant's general reputation for truth, honesty, and integrity in the community in which he lives. The witness answered, "I don't know, as I never heard."

The witness was then asked by said counsel to say whether he knew it or not.

He answered, "I do not."

Some other questions elicited from him the statement that he did not know where the defendant lived, and therefore could not state what his reputation was where he lived. The district attorney then asked the witness this question: "Do you know his reputation for honesty and integrity in this community of San Francisco?" The question was objected to, and the court overruled the objection. The witness answered in the affirmative, and to the question, "What is it?" answered, "Bad." This question is not in the approved form, and the court should have sustained the objection to it. But the error, in our opinion, did not prejudice the defendant's case, and therefore must be disregarded.

The other witnesses, to whom the questions were put in proper form, testified that defendant's reputation was bad in the community where he lived. In view of the character of the other evidence in the case, we think the evidence as to the defendant's reputation superfluous.

Judgment and order are affirmed.

McFarland, J., Searls, C. J., and Paterson, J., concurred.