[Crim. No. 9227.    Second Dist., Div. Two.    July 23, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ROBBIE E. BYRD, Defendant and Appellant.

John R. Liebman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant and his codefendant Bilbrew were charged with two counts of burglary (Pen. Code, § 459) and one count of receiving stolen property (Pen. Code, § 496). The burglary charge in Count I was for entering the office of Maxon Industries in Vernon on February 3, 1963, with the intent to commit theft. Count II charged them with entering the office of Imperial Pacific Packing Company in Vernon on the same date, also with the intent to commit theft. The third count charged them with receiving stolen property, namely three calculators and a gasoline credit card, which belonged to the two burglarized companies.

Both defendants were arraigned and pleaded not guilty. After a jury trial they were found guilty of second degree burglary as charged in the first two counts. The third count

was dismissed. Defendant's motion for a new trial was denied, as was his application for probation. He was sentenced to the state prison for the term prescribed by law. He appeals from the judgment of conviction.[1]

At approximately 12:30 p.m. on February 4, 1963, Deputy Sheriff Donald W. Sullivan arrested defendant and his codefendant Bilbrew near 43d Street and Central Avenue, about 3 or 4 miles from Vernon. At the time of the arrest defendant was driving his automobile and Bilbrew was a passenger. During a search made in connection with the arrest Officer Sullivan opened the trunk of the automobile. Inside the trunk were three business machines which were subsequently identified as the machines taken from the two burglarized companies in Vernon. Officer Sullivan asked defendant and Bilbrew, who were both standing on the curb at the rear of the car, "Who do the machines belong to?" Neither defendant nor Bilbrew made any reply other than to shrug their shoulders. Later on, at the Hall of Justice where defendant and Bilbrew were taken for booking, Officer Lawrence G. Cataldi overheard defendant state to Bilbrew, "Well, they'll never make me on a burglary, anyway. The only thing they have on me is the receiving. And so what?" Bilbrew replied, "That's right."

At the trial defendant took the stand in his own behalf and denied any participation in the burglaries. His explanation for the possession of the stolen machines was that on the day preceding his arrest he had been given the machines by one Johnnie Jennings as security for a gambling debt of about $400 which Jennings assertedly owed to defendant.

Defendant's appeal is based upon two arguments which we have determined to be entirely without merit: (1) denial of due process of law resulting from the lack of undivided assistance of his defense counsel; (2) insufficiency of the evidence to support the verdict.

Defendant first contends that he was entitled to the undivided assistance of the public defender that was appointed to defend him and Bilbrew in his trial. Under both California and federal law, however, the mere fact that one attorney is appointed to represent multiple defendants does not deprive one of the defendants of his right to be represented by counsel. (*People* v. *Ingle*, 53 Cal.2d 407, 416-417 [2 Cal.Rptr. 4, 348 P.2d 577]; *Chavira Gonzales* v. *Unit-*

---

[1] The appeal of codefendant Bilbrew has been dismissed at his own request.

*ed States,* 314 F.2d 750, 752.) If "no adverse interest exists and none is claimed, it is permissible for a single attorney to represent more than one defendant." *(People* v. *Welch,* 212 Cal.App.2d 397, 401 [28 Cal.Rptr. 112].) Moreover, unless a defendant objects at the trial that he is not being adequately defended by reason of counsel's representation of a codefendant he cannot claim error on that ground for the first time on appeal. *(People* v. *Ingle, supra; People* v. *Rogers,* 207 Cal.App.2d 261, 270 [24 Cal.Rptr. 341].)

In the instant case the record discloses no conflict of interest between defendant and Bilbrew, and neither defendant nor Bilbrew at any time complained that their representation was inadequate on that basis. Under such circumstances the naked assertion in this court that such a conflict existed is entitled to very little weight. In *People* v. *Sprinkle,* 201 Cal.App.2d 277 [19 Cal.Rptr. 804], the court in dealing with a contention similar to that of defendant's used language which is particularly apposite here. At page 281 the court said: "The main argument of both appellants is that they were denied the effective aid of counsel assured by section 13 of article I of the State Constitution and the Sixth Amendment to the United States Constitution. They argue that they were deprived of their right to the undivided assistance of counsel of their own choice, as they were both represented by the same public defender and that because of the conflict of interest between them, the court should have either appointed separate counsel to defend each of them or should have ordered a severance of their joint trial. While the record does not indicate any diversity of interest in the sense of any factual inconsistency, we agree that this is not the sole or necessarily controlling consideration, as the additional burden of representing another party may impair counsel's effectiveness *(Glasser* v. *United States* (1942) 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680]). This is not a case in which a trial court has appointed joint counsel over objection on the ground of diversity of interest *(People* v. *Lanigan,* 22 Cal.2d 569 [140 P.2d 24, 148 A.L.R. 176]) nor was counsel forced on a non-consenting defendant *(People* v. *Robinson,* 42 Cal.2d 741 [269 P.2d 6]).

"No conflict of interest was brought to the attention of the trial court or motion for a severance nor request for a continuance to obtain counsel made before or during the trial. Under similar circumstances, our Supreme Court has indicated that such failure amounts to a free and intelligent waiver of

the right to representation (*People* v. *Ingle,* 53 Cal.2d 407, 417 [2 Cal.Rptr. 4, 438 P.2d 577])."

In *People* v. *Douglas,* 61 Cal.2d 430 [38 Cal.Rptr. 884, 392 P.2d 964], a recent case relied upon by defense counsel in oral argument, the court reversed the convictions of the two codefendants because a single public defender had been appointed, over their objection, to represent them jointly at their trial. The court emphasizes, however, that the defendants were timely in their objection on this point, and it distinguishes the *Ingle* and *Sprinkle* cases, *supra,* on that basis.

It does not purport to overrule either *Ingle* or *Sprinkle.* It therefore leaves intact the principle that controls the instant case, namely, that the objection must first be raised in a timely manner in the trial court if it is to be relied upon on appeal.

■ Defendant also argues that there was insufficient evidence to support his conviction, citing cases which stand for the proposition that possession of stolen articles alone will not support a conviction for burglary.

■ In *People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449], the court said at page 754: "Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." ■ The court then sets forth the rule to be applied in situations such as the present one: "Where recently stolen property is found in the conscious possession of a defendant who, upon being questioned by the police, gives a false explanation regarding his possession or *remains silent under circumstances indicating a consciousness of guilt,* an inference of guilt is permissible and it is for the jury to determine whether or not the inference should be drawn in the light of all the evidence. As shown by the California cases cited above, this rule is applicable whether the crime charged is theft, *burglary,* or knowingly receiving stolen property." (P. 755.) (Italics added.)

■ In the instant case defendant offered no explanation of his possession to the arresting officer other than to shrug his shoulders. At the trial he did attempt to explain the presence of the machines in the trunk of his car, but he did not produce the person from whom he assertedly received them. In short, the jury was presented with conflicting accounts of defendant's possession of the stolen machines. Of course, it is the function of the jury to determine the truth

or adequacy of the defendant's explanation of possession. (*People* v. *Brown*, 187 Cal.App.2d 651, 656 [9 Cal.Rptr. 836]; *People* v. *Lanza*, 186 Cal.App.2d 860, 863 [9 Cal.Rptr. 161].) It is evident from the verdict in the instant case that the jury elected to disbelieve defendant's story and draw the inference of guilt permitted by the rule of the *McFarland* case.

The judgment is affirmed.

Herndon, J., and Roth, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1964. Mosk, J., did not participate therein.