This case is before us for the second time by reason of the decision of the United States Supreme Court in Griffin v.California, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], holding invalid, under the Fifth and Fourteenth Amendments to the United States Constitution, article I, section 13, of the state Constitution, which permitted comment on an accused's failure to testify on his own behalf.
The principal issues are whether defendants were entitled to separate counsel at their trial and whether comment by the prosecution on Odom's failure to testify was sufficiently prejudicial to require that we reverse his judgment of conviction.
Defendants Odom and Lindsey were charged with robbery of a Los Angeles gas station on May 12, 1963. Each was identified by a witness as a participant, and both were arrested on May 14 in what had been reported as the getaway car.
On May 16 the public defender was appointed to represent both defendants. On May 20 at the preliminary hearing defendants were held to answer the charges against them. Both continued to be represented by the public defender up to the date of trial. On July 12, one week before trial, Lindsey petitioned the trial court to discharge the public defender and appoint private counsel to represent him on the ground that a conflict of interest between defendants existed.
On July 17, the day of trial, both defendants were present in court with the public defender, and at that time Lindsey renewed his request for the appointment of private counsel because of a conflict of interest, the nature of which, however, remained unspecified. Odom also requested the appointment of private counsel. After a recess the public defender advised the court he could not represent to the court that a conflict of interest existed between codefendants. The court then refused to appoint separate counsel.
Next, defendants requested a severance of their cases for trial, and this was denied.
Lindsey then waived his right to a jury trial and agreed to submit the matter on the transcript of the preliminary hearing. *Page 878 
His case was referred to another department of the superior court for submission. Odom went forward in the original department with trial by jury in which he was represented by the public defender. Each defendant was found guilty of first-degree robbery.
On appeal Lindsey contends that the trial court improperly refused his request for the appointment of separate private counsel. He contends that only the pressure of this improper refusal induced him to waive his right to a trial and submit the matter on the transcript of the preliminary hearing and that accordingly he was deprived of his right to trial by jury. Odom's sole contention is that the comments of the trial court and prosecutor upon his failure to take the stand constituted reversible error.
1) Right to Separate Counsel [1] The mere fact that a single attorney is appointed to represent multiple defendants does not mean that an individual defendant has been deprived of his right to counsel. (People v.Ingle, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577]; People
v. Byrd, 228 Cal.App.2d 646, 648 [39 Cal.Rptr. 644]; UnitedStates v. Bentvena, 319 F.2d 916, 937, cert. den. 375 U.S. 940
[84 S.Ct. 345, 11 L.Ed.2d 271].) [2] Only if an actual or potential conflict of interest exists among codefendants and a motion for appointment of separate counsel is made in timely fashion, is it incumbent upon the trial court to appoint separate counsel. (People v. Ingle, 53 Cal.2d 407 [2 Cal.Rptr. 14,348 P.2d 577]; People v. Douglas, 61 Cal.2d 430
[38 Cal.Rptr. 884, 392 P.2d 964]; People v. Byrd, 228 Cal.App.2d 646
[39 Cal.Rptr. 644].) Conflicts of interest among codefendants may arise when it would profit one defendant to attack the credibility of another (People v. Kerfoot, 184 Cal.App.2d 622
[7 Cal.Rptr. 674]); when counsel would be restricted in final summation because he might injure one defendant by arguments in favor of another (People v. Donohoe, 200 Cal.App.2d 17
[19 Cal.Rptr. 454]); when one defendant has a record of prior felony convictions and the others do not (People v.Douglas, 61 Cal.2d 430 [38 Cal.Rptr. 884, 392 P.2d 964]); when the defenses of codefendants are factually inconsistent (People
v. Welch, 212 Cal.App.2d 397 [28 Cal.Rptr. 112]); or when appointed counsel believes a conflict of interest may exist (People v. Douglas, supra; People v. Donohoe, supra).
In this case while Lindsey claimed that a conflict of interest existed, despite several opportunities to suggest the nature of *Page 879 
the conflict, he offered no indication what the alleged conflict was about. The public defender, after consulting both defendants, reported he could find no conflict between defendants. No factual inconsistency in the defenses of the two has been suggested, nor does it appear that any advantage would have been obtained by one in attacking the other, nor was it shown that differences existed between defendants in background, prior history, or in felony convictions.
In point of fact while both defendants were represented by the public defender, he appeared on their behalf in two separate departments in two separate proceedings before two different judges. Nothing in the record suggests any reason why he was not free to represent Odom to the full extent of his capabilities in the jury trial nor why he was not equally free to plead Lindsey's cause to best advantage in the court trial before another judge based on the submitted transcript.
Even on appeal Lindsey has not suggested wherein any conflict of interest existed. Essentially defendant rests his argument on the broad proposition that in any case where there are multiple defendants, each is entitled to separate counsel if he demands it. He cites such cases as Glasser v. United States,315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680]; People v. Douglas, 61 Cal.2d 430
[38 Cal.Rptr. 884, 392 P.2d 964]; People v. Robinson,42 Cal.2d 741 [269 P.2d 6]; and People v. Lanigan, 22 Cal.2d 569
[140 P.2d 24, 148 A.L.R. 176]. None of these cases goes so far as to hold that a defendant is entitled to demand the appointment of separate counsel where the court has no reason to believe that separate counsel would be of any advantage to him. Indeed several recent cases have held that in collateral proceedings counsel need not be appointed at all if no likelihood of benefit has been made out. In People v. Shipman, 62 Cal.2d 226 [42 Cal.Rptr. 1,397 P.2d 993], the court stated that appointment of counsel was not required in coram nobis proceedings unless the indigent defendant stated facts sufficient to satisfy the court that a hearing was required. "These standards may preclude absolute equality to the indigent, but, . . . absolute equality is not required; only `invidious discrimination' denies equal protection." See also In re Nunez, 62 Cal.2d 234 [42 Cal.Rptr. 6,397 P.2d 998].
[3] However, at the commencement of any given trial it may be extremely difficult for the trial judge or defense counsel to adequately determine what conflicts then exist or to foresee what new conflicts may develop during the course of the proceedings. For these reasons it would appear sound *Page 880 
practice to appoint separate counsel in all cases where a defendant has made a timely demand. The refusal to make the appointment may appear fully justified at the time the trial court acts. However, when the matter is viewed later by an appellate court with the benefit of hindsight and with a record which shows that conflict existed in fact, the latter court, wise after the event, may then conclude that the refusal to appoint separate counsel was an abuse of discretion or, even without such abuse, was unavoidably prejudicial to the defendant and that a new trial must be granted. A refusal of a timely demand for separate counsel thus becomes a time bomb ticking away in every case which may explode long after the verdict has become history.
[4] In the present case, however, a review of the entire record reveals no conflict of interest between codefendants and no disadvantage to either defendant from their joint representation by the public defender. The appointment of separate counsel was not required.
2) Comment on Defendant's Refusal to Testify [5] Odom's contention on appeal is that he was deprived of his right not to be a witness against himself in violation of the Fifth and Fourteenth Amendments to the United States Constitution, because court and counsel directed the jury's attention to his failure to take the stand on his own behalf. The validity of this contention has been established by the United States Supreme Court in Griffin v. California, 380 U.S. 609
[85 S.Ct. 1229, 14 L.Ed.2d 106], and the question now before us is whether this error in the proceedings resulted in a miscarriage of justice, or whether the doctrine of nonreversible error applies. (Cal Const., art. VI, § 4 1/2.)
Odom was convicted of robbery of a gas station. The evidence against him consisted of positive identification by the gas station attendant (who also testified he was beaten by Odom at the time), of identification of the codefendant Lindsey by the owner of the gas station, of the owner's pursuit of Lindsey and another man driving a Cadillac automobile, license number KPZ 541, of the arrest of Odom and Lindsey some 24 hours later in the middle of the night at another gas station in a Cadillac automobile, license number KPZ 541. The sole disputed question of fact in the case was one of identification. In final argument the prosecution commented extensively on Odom's failure to take the stand. On reviewing the record it appears to us that the prosecutor's comments were sufficiently extensive to suggest that without them a result *Page 881 
more favorable to the defendant might be probable on retrial; at least we have substantial doubt, and the defendant should receive the benefit of our doubt.
Two other cases which have interpreted the effect of Griffin
have likewise found the error to be reversible. People v.Keller, 234 Cal.App.2d 395 [44 Cal.Rptr. 432], was a crime of violence. The principal issue was self-defense. People v.Collier *(Cal.App.) 44 Cal.Rptr. 465, presented a question of identification in a robbery. In both cases the error was considered prejudicial.
The purported appeal by Odom from the order denying his motion for a new trial is dismissed. The judgment as to Lindsey is affirmed, and the judgment as to Odom is reversed.
Roth, P.J., and Herndon, J., concurred.
* Reporter's Note: A rehearing was granted on June 11, 1965. The opinion on rehearing, filed September 29, 1965, is reported in 237 Cal.App.2d ___ [46 Cal.Rptr. 887].