[Crim. No. 3347. Fourth Dist., Div. Two. Mar. 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS G. JOHNSON, Defendant and Appellant.

## COUNSEL

Alfred Bornstein for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**GARDNER, J.**—Defendant and Lola Mae White were charged with burglary. Defendant also was charged with having been armed with a deadly weapon at the time of the commission of the offense. Both defendants were found guilty of burglary in the first degree by a jury, and, in addition, the jury found the defendant was armed with a deadly weapon during the commission of the offense.

Defendant was sentenced to state prison for the term prescribed by law. He filed a timely notice of appeal. Defendant White is not appealing herein.

Defendant makes no contention that the evidence is insufficient to justify the judgment. Since the sufficiency of the evidence is not in dispute, we shall not unduly and unnecessarily lengthen this opinion by a recital of the facts except to say that we have examined the record carefully and find that, tested by established standards, the evidence is sufficient to sustain the judgment.

## I.

Defendant's first contention is that the court committed error by not granting the defendant a continuance for the purposes of (A) obtaining a private attorney; (B) allowing the public defender to prepare for trial; (C) securing witnesses to testify for the defendant; and (D) because there was a conflict of interest between himself and his codefendant.

For an understanding of these contentions, it is necessary to go into the background of this case in some detail.

At the preliminary examination, held September 26, 1967, the public defender was appointed to represent the defendant. Raymond Rager, deputy public defender, represented the defendant at the preliminary.

The information was filed September 27, 1967. The defendant was arraigned on October 3, 1967, and, again, the public defender represented the defendant. The case was set for trial at 9:30 a.m., December 13, 1967, the defendant having waived statutory time for trial.

When the case was called for trial on December 13, 1967, Mr. Rager again represented the defendant and, prior to the selection of the jury, made a motion for a continuance based on the assertion that he was unprepared for trial and that the defendant desired to retain private counsel. Mr. Rager stated that he did not have an opportunity to meet with the defendant before the case was called although a letter had been sent to defendant asking him to meet with the public defender. Mr. Rager said that the defendant stated that he had not received this letter. Parenthetically, it might be observed that in his declaration filed in support of his motion for a new trial (which he abandoned), the defendant makes no contention that he did not receive the letter, only that he had contacted a private attorney.

In further support of the motion, Mr. Rager stated that the defendant stated that he was being represented in a criminal matter in Los Angeles by a Mr. Berger, a Los Angeles attorney, and that the defendant desired to retain Mr. Berger in the present matter. Mr. Berger made no appearance, filed no declaration and is a total stranger to these proceedings. Strangely enough, a Mr. Sugimura, a Riverside attorney, eventually substituted in for the public defender for a motion for a new trial (which was withdrawn) and the pronouncement of judgment. If the mysterious Mr. Berger exists, he is notable for his absence from this case.

The trial court denied the motion, but put the jury selection over until after the noon recess to allow Mr. Rager to consult with the defendant. The court observed that the trial date had been set for over two months,

witnesses were subpoenaed and present, and a jury venire had been summoned. He stated that the defendant had the responsibility of contacting the public defender before trial, whether or not he had received a letter requesting he meet with him, and that he could not come in on the day of trial and make a representation that he was going to retain private counsel and expect a continuance.

After the noon recess, Mr. Rager renewed his motion for a continuance, restating the grounds stated earlier and added that the defendant had advised him that he had money available to retain Mr. Berger but that Mr. Berger was on a vacation. He also stated that the defendant advised him that he had two witnesses from Los Angeles whom he wished to call. The court denied the motion and again observed that a period in excess of two months had elapsed between the time of plea and the time of trial, that if Mr. Berger were to come into the case he should have done so, and if he had done so and made a timely motion for continuance, it would have undoubtedly been granted. The court stated in making this ruling, "It would be absolutely impossible for this or any other court to function efficiently, or at all, if a defendant could come into court on the morning of trial and present no better reason or grounds for continuance than has been made by the defendants in this case."

The court also pointed out that in anticipation of this case proceeding to trial, another case which involved local witnesses and local defendants had been continued to enable this matter to be heard. Insofar as the belated advice to the public defender as to the two witnesses from Los Angeles, the court said, ". . . and the fact that the defendants have waited until the morning of trial to advise counsel that there are witnesses available in Los Angeles County to testify in their defense, that it is regretful that they have to their detriment waited this long."

Nevertheless after the selection of the jury, the court put the case over until the next day in order to allow the defendant to make arrangements to procure the attendance of the witnesses and advised the defendant that the processes of the court were available to compel the attendance of these witnesses.

Again, parenthetically, it should be noted that while the trial lasted from December 13 to December 18, these witnesses were never called, nor is there anything in the record to indicate that any effort was made to subpoena them, nor was there any subsequent motion for a continuance to enable the defendant to produce these witnesses.

The next morning, December 14, Mr. Rager expressed a desire *on the part of the defendant* to dismiss the public defender and obtain private

counsel, stating that *the defendant* felt there was a conflict of interest and had said that Mr. Berger would be there to represent him that morning. The court advised that it had never been contacted by Mr. Berger, nor had any attache of the court, nor had the district attorney. The court further stated that if Mr. Berger ever appeared, he would be allowed to substitute in for the public defender. The public defender did not join with the defendant in his contention of a conflict of interest and the court stated that it found nothing that indicated any conflict of interest. As indicated, Mr. Berger never appeared.

The case finally got under way the second day and no further continuances were requested for the duration of the case.

We shall discuss each of the four grounds which the defendant presented for a continuance.

## A.

### PRIVATE COUNSEL.

■ Although there is not an *absolute* right to be represented by a particular attorney, the courts will make all *reasonable* efforts to insure that a defendant financially able to retain an attorney of his own choice can be represented by that attorney. Under certain circumstances, due process is denied to a defendant who is not granted a continuance in order to secure a private attorney of his own choosing. (*People* v. *Crovedi,* 65 Cal.2d 199, 207 [53 Cal.Rptr. 284, 417 P.2d 868].) A court will not interfere with the defendant's right to be represented by counsel of his choice unless to accommodate him would result in a disruption of the ordinary process of justice to an unreasonable degree. (*People* v. *Butcher,* 275 Cal.App.2d 63, 68 [79 Cal.Rptr. 618].) Obviously, each case is to be tried on its facts and in each case there must be a determination as to whether or not the trial court abused its discretion in denying a continuance for this or other grounds.

■ Here, there is no indication that the defendant attempted, during the almost four months which elapsed from the preliminary examination to the trial date, to retain private counsel. It is not at all clear that he ever contacted Mr. Berger. If he did, Mr. Berger never made an appearance and never contacted the court in any way. The defendant's unjustified delay in asserting his *desire* to retain private counsel (whom he represented to the court at one time as being on vacation and another time as being expected in court the second day of trial), his making a request for a continuance on the day of trial, the failure of the alleged private counsel

to contact the court, all clearly indicate that it was not an abuse of discretion for the court to deny a continuance where witnesses had been subpoenaed and a jury was waiting to try the case. To continue the trial at such a date on such nebulous grounds would adversely affect the orderly administration of justice. (*People* v. *Brady,* 275 Cal.App.2d 984, 994 [80 Cal.Rptr. 418].)

## B.

### TRIAL PREPARATION.

To be entitled to a continuance on the ground of lack of preparation, "It must be shown on the motion that *the defendant* and his counsel had used due diligence and all reasonable effort to prepare for trial. The motion on this ground is addressed to the discretion of the court (*People* v. *Collins,* 75 Cal. 411 [17 P. 430]) and is properly denied when the defendant has already had ample time to prepare for the trial. (*People* v. *Loomis,* 27 Cal.App.2d 263 [80 P.2d 1012]; *People* v. *Walton,* 97 Cal.App. 782 [276 P. 426].)" [Italics added.] (Fricke & Alarcon, California Criminal Procedure, p. 256 (7th ed. 1967).)

Continuances are matters particularly within the discretion of the trial judge and not every denial of a request for more time violates due process. (*Ungar* v. *Sarafite,* 376 U.S. 575 [11 L.Ed.2d 921, 84 S.Ct. 841].)

Penal Code, section 1050, provides, in part: "No continuance of a criminal trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance."

Penal Code, section 1050, also provides, in part: "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceeding to the greatest degree that is consistent with the ends of justice."

The determination as to whether a defendant has affirmatively demonstrated that justice requires a continuance is a factual matter and in the absence of a clear abuse of discretion of the trial court, its determination will not be disturbed on appeal. (*People* v. *Martinez,* 264 Cal.App.2d 906, 913 [70 Cal.Rptr. 918].)

The only ground asserted by the defendant's counsel for not being prepared was that the defendant had not responded to a written request that he appear for an interview. Mr. Rager had represented the defendant

at the preliminary examination so that he had some knowledge of the case. Presumably, he interviewed the defendant at that time. Liberal pretrial discovery was available to him of which he may or may not have taken advantage.

Defendant's contention that he received no letter is suspect. In addition to the fact that he abandoned this contention on his motion for new trial, he also changed his stance on this contention during his presentation to the court when he complained that he could not contact the public defender because he worked in Los Angeles and it was "just real hard for me to come to Riverside." As the trial court rather acidly pointed out, the marvels of modern communication are such in this day and age that he could have simply picked up the telephone to contact the public defender or if he could not afford the price of a phone call, a letter or postcard would have sufficed.

Defendant presents a classic picture of one of the nightmares of the trial bench, the reluctant defendant to whom trial delay is a recognized, if not approved, technique. The defendant is obviously no stranger to court proceedings and was ingenious in his efforts to delay the trial. Based on the record of this case, we have a grave suspicion as to the good faith of the defendant in his efforts to communicate with his counsel prior to trial.

We agree with the observations of the trial court that where the defendant is charged with a serious crime, it is little enough to expect him to contact his attorney sometime during the two months which elapsed between plea and trial. One would expect that a reasonably responsible person charged wih a crime punishable by five years to life in the state penitentiary would personally camp on his attorney's doorstep. Not this defendant.

If, after the trial started, the public defender had found that he actually needed additional time, he could have made a request for a continuance based upon valid grounds, and it is obvious from the attitude of the trial court that it would have honored such a request. Here, the public defender had the better part of a day to interview the defendant and prepare his case. It is doubtful that that much time would have been spent with the defendant had he responded to the public defender's letter prior to trial. We note that Mr. Rager presented a vigorous and able defense on behalf of the defendant. No lack of preparation appears in this record.

There was no abuse of discretion in denying a continuance considering the time available to the defendant in which to institute some kind of contact with the public defender for the purpose of preparing a defense.

## C.

### WITNESSES.

█ To obtain a continuance to secure the presence of witnesses, the defendant has a burden of showing that he exercised due diligence in attempting to secure the attendance of those witnesses. (*People v. Wilson,* 235 Cal.App.2d 266, 273 [45 Cal.Rptr. 267].) █ Here, there is a total lack of any showing of due diligence. In spite of this lack of diligence, the court put the case over for a day to allow the defendant to secure the attendance of his witnesses if they were cooperative, and stated that if they did not come in voluntarily that the processes of the court were available to compel their attendance. The matter of the mysterious witnesses never came up again during the course of the trial.

There was no abuse of discretion in denying a continuance on this ground.

## D.

### CONFLICT OF INTEREST.

█ We note that Mr. Rager did not join in this assertion. █ The mere fact that a single attorney is appointed to represent multiple defendants, does not mean that an individual defendant has been deprived of his right to counsel. Only where there is actual or potential conflict of interest among codefendants and a motion for appointment of separate counsel is made in a timely fashion, is it incumbent upon the trial court to appoint separate counsel. (*People v. George,* 259 Cal.App.2d 424, 432 [66 Cal. Rptr. 442]; *People v. Odom,* 236 Cal.App.2d 876, 878 [46 Cal.Rptr. 453].)

█ Conflict of interest among codefendants may arise when it would profit one defendant to attack the credibility of another, when counsel would be restricted in final summation because one defendant might be injured by arguments in favor of another, when one defendant has a record of prior felony convictions and the other does not, when the defenses of the codefendants are factually inconsistent, or when appointed counsel believes a conflict of interest may exist. (See *People v. George, supra,* p. 432; *People v. Odom, supra,* p. 878.)

█ Here, defendant's appointed counsel *did not* join defendant in his assertion that a conflict of interest existed. An examination of the record discloses that this was not a case where it would profit one defendant to attack the credibility of another or where counsel would be restricted during the final summation because he might injure one defendant by arguments in favor of the other. The defenses of the two defendants were not fatally inconsistent and since neither defendant testified we do not have the problem

of prior convictions. Thus, no actual or potential conflict of interest existed and it was not incumbent upon the trial court to appoint separate counsel.

## II.

 Defendant's second contention is that the trial court erred in appointing the public defender without a prior determination of indigence.

This is a novel argument, i.e., that the trial court somehow violated the defendant's constitutional rights by not making a finding of indigence but nevertheless appointing the public defender.

While indigence is a qualification required for representation by the public defender (Pen. Code, § 859; Gov. Code, § 27706, subd. (a)), it is difficult, if not impossible, to comprehend what constitutional right is violated when no inquiry of indigence is made but the defendant is represented by counsel appointed by the court. The thrust of the cases cited by defendant concerns the court's duty to make a finding of indigence, and failing to do so, forces a defendant to appear in propria persona. This obviously is a violation of defendant's right to counsel.

There is nothing in the record to either prove or disprove the allegation that no inquiry was made as to indigence, but assuming none was made, this contention is totally devoid of merit.

## III.

 Defendant's third contention is that the entry of the officers into his apartment was without probable cause for the reason that the information came from an accomplice and unreliable informant and that the failure of the officers to comply with section 844 of the Penal Code made the entry illegal and the evidence received as the result of the search inadmissible.

To discuss this contention, it is necessary to discuss some of the facts in the case.

The prosecution's principal witness was a Miss BeVard. She testified that she went to a motel in Riverside with the two defendants, that she was beaten by the defendant who also threatened to kill her, that he was armed with a gun, that under duress she and the codefendant removed a television set, a radio, and a man's sweater from a motel room. The stolen items were taken to the defendant's apartment. Miss BeVard then contacted a Los

Angeles County Deputy Sheriff, told her story and then accompanied the officers to the apartment where the officers entered, found the stolen property together with a gun which fitted the description of the gun carried by the defendant at the motel.

The record is sketchy as to the entry of the apartment and the subsequent search, since defendant's counsel made no objection to this evidence coming in even though the court brought to counsel's attention the question of its legality. When the court brought the matter to counsel's attention, counsel stated, "I do appreciate the court's inquiry in this regard. I do inform the court that I am aware of the reason for the arrest. I do also indicate to the court that also I feel there is reasonable cause for the search and I appreciate the court's inquiry."

As a general rule, the admissibility of evidence will not be reviewed on appeal in the absence of sufficient objection in the trial court. (*People* v. *Robinson,* 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834].) An exception to the general rule exists if there is a showing of special circumstances which allows for errors not challenged at trial to serve as grounds for reversal on appeal. (*People* v. *Flores,* 68 Cal.2d 563, 567 [68 Cal.Rptr. 161, 440 P.2d 233].) Defendant asserts no special circumstances which would justify a failure to raise objections at trial. (*People* v. *De Santiago,* 71 Cal.2d 18 [76 Cal.Rptr. 809, 453 P.2d 353].) The suggestion is made by defendant that failure to raise objection at trial indicates the unpreparedness of defense counsel and, therefore, the issue should be considered on appeal. It does not appear that the defendant should be relieved from the condition of raising objections at trial unless his defense counsel was so unprepared and ineffective at trial as to render that proceeding a farce or a sham. (See *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].) A review of the record indicates that the deputy public defender representing the defendant did so in a vigorous and competent manner.

Whether Miss BeVard was a reliable informant or a citizen who purported to be a victim or a witness to a crime is not in the record. How much corroboration of her testimony might have been available was not presented to the trial court by reason of the failure to object. It also appears that the entry, the arrest and the search may have been predicated upon another matter pending in Los Angeles County. The alleged violation of section 844 of the Penal Code may well have been based upon reasonable belief that the defendant was armed and that the normal warning would have endangered the lives of the officers. None of these matters were explored due to the lack of an objection. However, defendant's trial counsel made it

quite clear that he was aware of the situation, and it would be improper for this court to second-guess the trial strategy and trial techniques of a capable lawyer.

Judgment affirmed.

Kerrigan, Acting P. J., and Tamura, J., concurred.