[No. B005695. Second Dist., Div. Five. Nov. 21, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES B. CARLON, Defendant and Appellant.

**COUNSEL**

Charles Downing for Defendant and Appellant.

John A. Vander Lans, City Prosecutor, Robert R. Recknagel, Assistant City Prosecutor, and Gerry L. Ensley, Deputy City Prosecutor, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—The primary issue presented in this case is whether denial of the right to counsel at a pretrial arraignment in municipal court requires the automatic reversal of a conviction subsequently obtained when the defendant was represented by counsel at all other stages of the proceedings. The appellate department of the superior court held that the denial of counsel at pretrial arraignment requires reversal per se, without an inquiry as to whether the defendant was prejudiced by that denial. At the request of the Long Beach City Prosecutor and the California State Attorney General, we certified the case to this court for review.

Appellant is a self-admitted thorn in the side of the City of Long Beach. He lives in a ramshackle residence in that city and subsists on a disability pension of approximately $140 per month. Suffice it to say that this limited income does not allow appellant enough funds to keep his home in a proper state of repair.

Appellant was convicted in case No. A19525 of violating various Long Beach city ordinances: Uniform Fire Code sections 11.201(a) (accumulation of waste material), 3.101 (continuance of a fire hazard) and 3.102 (compliance with notice). Five other violations charged in that complaint were dismissed prior to trial. In case No. A19524, appellant was convicted of violating Long Beach Municipal Code section 5611.25 (maintaining a public

nuisance). All of these were but the latest in a continuing series of charges by which the city sought to compel appellant to clean up his property.[1]

In both cases, appellant requested the appointment of an attorney at his arraignment and in both cases the request was denied, as there were no public defenders available to staff the arraignment court.[2]

 Appellant first contends that he was denied counsel at his arraignment and therefore his convictions should be reversed, because he was deprived of the opportunity to file a demurrer to the accusatory pleading, and the court subsequently denied his request to file a later demurrer. He further claims that the court's error is reversible even though five of the charged counts were later dismissed.

 Appellant correctly contends that if a defendant is indigent, he or she has the right to have counsel appointed at arraignment proceedings. This is mandated both by statute (Pen. Code, § 987, subd. (a)) and by case law. (*Ingram* v. *Justice Court* (1968) 69 Cal.2d 832 [73 Cal.Rptr. 410, 447 P.2d 650, 36 A.L.R.3d 1391]; *People* v. *Ferry* (1965) 237 Cal.App.2d 880 [47 Cal.Rptr. 324].) "[W]hen a defendant makes his first appearance without counsel, the court must determine whether he does so from free and informed choice or because of indigence; if the latter is the reason, the court must appoint counsel to represent him." (*Ingram* v. *Justice Court, supra,* 69 Cal.2d at p. 840.) Failure to inquire into a defendant's indigence, leaving the defendant to appear in propria persona, is a violation of the defendant's right to counsel (*People* v. *Johnson* (1970) 5 Cal.App.3d 851, 862 [85 Cal.Rptr. 485]). The right to counsel is not limited to felony cases but is equally guaranteed to persons charged with misdemeanors. (*In re Johnson* (1965) 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420].) Thus, the trial court erred when, without inquiry into appellant's indigence, it refused to appoint counsel for him at his arraignment.

 This error, however, is not reversible per se. In *Hamilton* v. *Alabama* (1961) 368 U.S. 52 [7 L.Ed.2d 114, 82 S.Ct. 157] and *White* v.

---

[1]The offenses involved overgrown vegetation (so that passers-by could not use the public sidewalk without danger), storage of building supplies, household appliances, furniture and similar items in appellant's front yard, an inoperable vehicle and parts thereof in the driveway and yard, packing crates with debris stored in the yard, and unsightly disrepair of the residence itself.

[2]At appellant's arraignment, after appellant requested the appointment of counsel to represent him, the court stated: "[T]he counsel that would be appointed would be the Public Defender. The . . . Public Defender is so overworked and so understaffed they don't have anybody to man this Court so the Public Defender has asked me to enter a not guilty plea and set it for pre-trial and jury trial, at which time at the pre-trial they will be available to talk to you. All their attorneys work in the pre-trial court."

*Maryland* (1963) 373 U.S. 59 [10 L.Ed.2d 193, 83 S.Ct. 1050], two cases relied upon by the appellate department of the superior court, the denial of counsel at the arraignment stage was held to be reversible per se where the defendant was charged with a capital offense. Later, however, in *Coleman* v. *Alabama* (1970) 399 U.S. 1 [26 L.Ed.2d 387, 90 S.Ct. 1999], the court considered the question of the right to counsel at pretrial proceedings in *non*capital cases, and the effect of denying that right.

The court held that a preliminary hearing was a "critical stage" of the proceeding at which "the guiding hand of counsel . . . is essential to protect the indigent accused against an erroneous or improper prosecution." (399 U.S. at p. 9 [26 L.Ed.2d at pp. 396-397].) The court found, however, that failure to provide the defendant with counsel at the preliminary hearing was not reversible error per se, since "the prohibition against use by the State at trial of anything that occurred at the preliminary hearing was scrupulously observed." (*Id.*, at p. 10 [26 L.Ed.2d at p. 397].) The question of whether denial of counsel at the preliminary hearing was harmless error was left to the state court, which was instructed to apply the test of *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]. That test, briefly stated, is that before a federal constitutional error can be held harmless, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction. (*Id.*, at pp. 23-24 [17 L.Ed.2d at pp. 710-711].)

 Applying that standard to the present case, we are satisfied that the error complained of here does not require reversal of appellant's convictions. Appellant contends that the denial of the right to counsel at his arraignment prevented him from filing a demurrer to the accusatory pleading at that time,[3] and the court later denied his request to file a late demurrer. However, the prosecutor conceded that five of the eight counts in case No. 19525 lacked merit and agreed to dismiss them. The remaining three counts in that case, as well as the one count in case No. 19524, were not even arguably demurrable. Thus, all that appellant could have hoped to achieve by way of a demurrer was achieved when the five counts were dismissed.

The second issue—the constitutionality of the ordinances under which he was convicted—deserves only passing mention. Under the Fourteenth Amendment and the California Constitution (art. I, § 1), everyone has a right to acquire and use property, *subject to such regulations as are necessary for the public welfare.* The imposition of reasonable restrictions or

---

[3]When the court asked appellant if he wanted to plead not guilty, appellant replied, "No, sir. I request that counsel be appointed at county expense prior to the arraignment, prior to the entry of any plea. I have been told that the proper procedure in this case is to file demurrers."

conditions, for the protection of others, on an owner's use of property is a valid exercise of the city's police power. (See 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, §§ 444, 456, and cases cited thereunder.)

The judgment of conviction is affirmed.

Feinerman, P. J., and Stephens, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.