Filed 10/10/23  P. v. Murphy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GARRETSON MATTHEW MURPHY,<br><br>  Defendant and Appellant. | C096868<br><br>(Super. Ct. No. 19CF01661) |

On December 22, 2020, defendant Garretson Matthew Murphy pled guilty to allowing a place for preparation or storing of a controlled substance and admitted that he was personally armed with a firearm in committing this offense.  Nearly a year later, on December 14, 2021, defendant requested a continuance of sentencing to potentially bring a motion to withdraw the plea and find new counsel for that purpose.  The court agreed to continue sentencing to January 25, 2022.  But the trial court warned defendant not to wait until the last minute to come in with a new attorney and ask for another continuance. Four days before the hearing, on January 21, 2022, defendant filed a substitution of

1

counsel and moved for a continuance. At the January 25th hearing, a different attorney appeared for the substituted counsel and told the court that new counsel "wishes to be here in the next 60 days." The trial court denied defendant's request for substitution of counsel and motion for a continuance. The trial court sentenced defendant to two years' probation.

Defendant contends the trial court erred when it denied defendant's request for substitution of retained counsel and motion to continue his sentencing hearing. We disagree. Both the request and the motion were untimely. The judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

An October 2018 search pursuant to a warrant of defendant's property found 304 marijuana plants, 508.6 pounds of " 'drying' " marijuana, and 14.22 pounds of processed marijuana. Defendant had a .22-caliber revolver in his pocket loaded with three rounds of ammunition.

On December 22, 2020, defendant pled guilty to allowing a place for preparation or storage of a controlled substance and admitted he was personally armed with a firearm. At defense counsel's suggestion, the trial court set a sentencing hearing for February 23, 2021.

On December 14, 2021, defendant appeared with retained defense counsel, Michael Rooney, who requested that sentencing be continued for defendant to evaluate whether to move to withdraw his guilty plea. Defense counsel expressed concern that defendant may not have understood the plea and its consequences given his mental health issues. Rooney further noted that he could not represent defendant in that respect—and had so informed defendant—because of an inherent conflict of interest. Rooney noted that defendant was consulting other attorneys.

The prosecutor responded that there had already been multiple continuances, including for defendant to seek a mental health evaluation from Butte County Behavioral Health. However, the evaluation did not result in a recommendation defendant found

2

acceptable. Therefore, defendant was now attempting to find a private doctor. The prosecutor expressed concern that the case was simply being delayed and requested that, if the trial court granted a continuance, the case be set for sentencing as soon as possible.

The court granted a continuance, explaining: "I'm going to give the defendant an opportunity; he should have taken care of that opportunity by now, to either hire another attorney to look at a Motion to Withdraw the Plea. Again, he should have done that long before now. The plea was one year ago. [¶] I'm also going to give him an opportunity to hire an expert on the mental health issue."

Advised by the clerk that January 11 or 25, 2022, was available for sentencing, the court said: "I'm inclined to go to the 25th to give the defendant extra time, but I'm making it very, very clear if a motion is not timely filed . . . to withdraw the plea or some other motion for me to decide, we're going to go forward with sentencing. And I'm giving the defendant plenty of time and plenty of notice of that."

The trial court addressed defendant: "I've given you clear warning, sir. Don't wait until the last minute to do this because you're not likely to get a continuance if you wait until the last minute. If you come in on that day with a new attorney, you're not likely to get more time."

Defendant responded: "Yes, your Honor."

On January 21, 2022, defendant filed a substitution of counsel requesting that Valery Nechay be substituted for Rooney as counsel of record. On the same day, defendant filed a motion to continue sentencing set for hearing on January 25, 2022. The grounds for the continuance were set out in Nechay's attached declaration. Nechay stated: "I have discovered a number of irregularities from previous counsel that necessitate a close review and analysis of the entire case. As I was only very recently retained by Mr. Murphy, my office will need more time to conduct this review and analysis before determining what the best path forward for the defendant is."

3

At the hearing on January 25, 2025, Nechay did not appear. Rooney appeared for defendant and attorney Susan Hearne appeared for Nechay. The prosecutor objected to the substitution as untimely. Rooney responded that defendant had only recently obtained funds to retain counsel. The prosecutor also objected to Nechay not appearing at the hearing.

Hearne stated that she was only the "messenger" for Nechay and had no information other than Nechay "wishes to be here in the next 60 days." Rooney added that defendant had retained a doctor "to look at this situation."

The trial court ruled: "The motion to substitute is denied. [¶] I made it very, very, very clear last time we were in court. . . . I gave everyone fair warning . . . not to wait to the last minute because you are not likely to get a continuance; coming in . . . with a new attorney, you are not likely to get more time. [¶] . . . And I actually gave [defendant] more time than he was asking for last time to take care of the business he wanted to take care of. So I gave him fair warning. [¶] These issues have been pending with regard to the evaluation and the possible motion for new trial for several court appearances."

The court concluded: "Both sides have a right to due process. With that being said, the motion is denied. We will proceed with sentencing."

Rooney argued for probation. The prosecutor agreed. The court suspended defendant's sentence and placed him on formal probation for two years.

Defendant filed a timely notice of appeal.

DISCUSSION

I

*Substitution of Counsel*

Defendant contends the judgment must be reversed because the trial court violated his constitutional right to counsel of his choice by denying his substitution request. We conclude that the trial court properly exercised its discretion to deny the request.

4

The Sixth Amendment of the United States Constitution protects a defendant's right to retained counsel of choice. However, the right is not absolute. (See *People v. O'Malley* (2016) 62 Cal.4th 944, 1004.) A court may deny substitution of counsel if the request is untimely; that is, if it will disrupt the orderly process of justice. (*Ibid.*; see also *People v. Verdugo* (2010) 50 Cal.4th 263, 311; *People v. Ortiz* (1990) 51 Cal.3d 975, 983-984.) A trial court has " 'wide latitude in balancing the right to counsel of choice against . . . the demands of its calendar.' " (*Verdugo,* at p. 311, quoting *United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 152; *People v. Crovedi* (1966) 65 Cal.2d 199, 208 [the right to counsel does not permit defendants "to abuse the patience of the court through dilatory efforts to seek counsel"].)

In making the determination whether to grant or deny substitution of counsel, the trial court considers the totality of the circumstances. (See *People v. Maciel* (2013) 57 Cal.4th 482, 513.) We review the trial court's ruling for abuse of discretion. (*People v. Dowdell* (2014) 227 Cal.App.4th 1388, 1411.)

We find no abuse here. In the year following entry of his plea, defendant explored—evidently, unsuccessfully—withdrawing the plea or otherwise avoiding sentencing based on mental health issues. At the December 14, 2022, hearing, the trial court granted defendant a continuance to find new counsel with the express warning not to be dilatory. Ignoring this advisement, defendant sought to substitute counsel within days of the continued hearing and named as new counsel an attorney who declared she had discovered "a number of irregularities from previous counsel" requiring a review of the "entire case," which would in turn require more time to determine "what the best path forward for the defendant is." In short, proposed substitute counsel did not indicate what the "irregularities" might be or how long it would take to conduct a review of the case and advise defendant. Thus, defendant proposed to substitute counsel who would delay the case to raise unspecified issues.

5

We conclude defendant was dilatory in seeking new counsel and the proposed substitution would disrupt the orderly process of justice. The trial court did not abuse its discretion in denying substitution of counsel.

II

*Request for a Continuance*

Linked with defendant's request to substitute counsel was defendant's motion to continue sentencing while new counsel reviewed the case. Defendant contends that Vechay's declaration established good cause for a continuance. We disagree.

Whether to grant a continuance of sentencing rests within the sound discretion of the trial court, including a continuance for a defendant to be represented by new counsel. (*People v. Sakarias* (2000) 22 Cal.4th 596, 646; *People v. Jeffers* (1987) 188 Cal.App.3d 840, 850.) A continuance may be denied if the defendant "is 'unjustifiably dilatory' in obtaining counsel . . . ." (*People v. Courts* (1985) 37 Cal.3d 784, 790-791 (*Courts*).) The party contending the trial court erred in denying a continuance bears the burden of demonstrating a clear abuse of discretion. (*People v. Strozier* (1993) 20 Cal.App.4th 55, 60; *People v. Johnson* (1970) 5 Cal.App.3d 851, 859.)

In *Courts*, the appellate court held the trial judge erred in denying the defendant's request for a continuance made one week before trial, so that retained counsel could represent defendant against a murder charge. The record showed defendant "engaged in a good faith, diligent effort to obtain the substitution of counsel *before* the scheduled trial date." (*Courts, supra*, 37 Cal.3d at p. 791.) Defendant had contacted counsel two months before trial and in the following weeks was attempting to raise the funds for a retainer. (*Ibid.*) Counsel's vacation occasioned a further delay for which defendant was blameless. (*Id.* at p. 792.)

Here, defendant made no showing of diligence and gave no reason for requesting a continuance just days before January 25, notwithstanding the trial court's express warning on December 14 not to wait until the last minute to come in with a new counsel.

6

Further, Vechay's declaration did not state when defendant first contacted her or attempt to account for the delay in substitution. Under these circumstances, the trial court could find that defendant was " 'unjustifiably dilatory' " in finding new counsel and seeking to substitute counsel at the last minute. (*Courts, supra*, 37 Cal.3d at pp. 790-791.)

Nor did defendant present compelling reasons supporting a late request to continue sentencing. Vechay's declaration did not mention the possibility of a motion for a new trial based on defendant's mental health issues. The stated purpose of the continuance was simply for Vechay to conduct a general review of the case and advise defendant.

We conclude the trial court did not abuse its discretion in denying defendant's motion for a continuance.

DISPOSITION

The judgment is affirmed.

/s/_____
MESIWALA, J.

We concur:

/s/_____
ROBIE, Acting P. J.

/s/_____
DUARTE, J.

7