Filed 10/7/24  P. v. Barrera CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN MANUEL BARRERA,<br><br>    Defendant and Appellant. | D083061<br><br><br>(Super. Ct. No. SCD298571) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Patrick M. Ford, under appointment by the Court of Appeal, for the Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen K. Chenelia, Deputy Attorneys General.

Juan Manuel Barrera pleaded guilty to unlawful possession of a controlled substance while serving time for a prior conviction.  Barrera was sentenced to two years in prison in accordance with a plea deal.  On appeal

from the judgment of conviction, Barrera asserts the trial court abused its discretion by failing to grant a continuance so he could retain private counsel and attempt to withdraw his guilty plea. In response, the Attorney General argues the court properly denied the continuance because the request was untimely, the prospect whether Barrera could retain private counsel was purely speculative, and any motion to withdraw his plea would be baseless. For reasons we explain, we conclude that the court's denial of defendant's motion to continue sentencing was not an abuse of discretion. Therefore, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Barrera was serving a 24-year sentence for attempted murder when jail officials found Suboxone strips, a controlled substance, in his underwear. On April 10, 2023, he was charged with possession of a controlled substance in jail. The court appointed the public defender's office to represent him. The following month, Barrera executed a waiver of right to counsel. Two months later, he terminated his pro per status and requested the trial court reappoint his public defender. The public defender was reappointed, and subsequently provided documentation of Barrera's Suboxone prescription to the district attorney. On July 19, 2023, Barrera pleaded guilty to possession of a controlled substance in jail (Pen. Code, § 4573.6) and admitted a strike prior (*id.*, §§ 667, subds. (b)–(i), 668.). Following Barrera's plea, and prior to sentencing, the court conducted two *Marsden*[1] hearings at Barrera's request.

At the first *Marsden* hearing, Barrera told the court that his counsel (1) failed to provide him with documentation of his prescription for Suboxone when she was relieved; (2) pursued a defense Barrera opposed; and (3) did not move to withdraw Barerra's guilty plea despite his request that she do so.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

Counsel admitted she did not provide Barrera with documentation of his prescription for Suboxone. Counsel explained she obtained the documentation on a CD from the jail following Barrera's waiver of counsel. She stated she provided the documentation to the Office of Appointed Counsel (OAC) when Barrera was self-represented. Barrera's counsel also explained the flaws she perceived in the defense Barrera wanted to pursue. Barrera wanted to argue his possession was lawful based on his prescription for Suboxone, or that the substance had been erroneously given to him by laundry attendants. Counsel explained that, in response to this claimed defense, the district attorney was still unwilling to drop the criminal charges because Barrera's prescription was for a different form of Suboxone than what the jail dispensed. The court denied the *Marsden* motion, finding Barrera's counsel had adequately and competently represented him.

At the second *Marsden* hearing three weeks later, Barrera explained his request for new counsel was based on a conflict of interest, lack of trust, and deficient communication with his current counsel. He told the court: "[s]he's scar[ed] me into taking the deal [by] telling me that I'm going to receive life, [that] is the reason why I accepted the deal." Barrera's counsel explained that when she met with Barrera prior to the preliminary hearing, she advised him of the maximum sentence he could receive, which was life in prison due to his prior strikes and "actually told him not to ple[a]." The court denied the second *Marsden* motion, finding the justifications Barrera provided were not sufficient grounds for relieving his counsel.

Barrera then stated he did not want to go forward with the sentencing and wanted to retain different counsel. The court stated it intended to go forward with sentencing. Barrera's counsel then objected, asserting Barrera had the right to represent himself or retain different counsel. The court

asked Barrera if he had another attorney.  Barrera responded that he was "trying to get an attorney."  The court denied the motion without further inquiry.

At the sentencing hearing two days later, the trial court sentenced Barrera under the plea agreement to a two-year term, to run consecutively to the 24-year sentence he was already serving.  Barrera timely appealed from the judgment.

## DISCUSSION

Barrera raises a single issue on appeal.  He contends the trial court erred by denying his request to continue sentencing so that he could retain private counsel to file a motion to withdraw his guilty plea.  The Attorney General responds denial was reasonable because the request was untimely, whether Barrera could afford to retain counsel was purely speculative, and a subsequent motion to withdraw Barrera's plea would have been baseless.

### I

### *Legal Standards*

The Sixth Amendment to the Federal Constitution provides the accused shall enjoy the right to assistance of counsel for his or her defense in all criminal prosecutions.  (*Gideon v. Wainwright* (1963) 372 U.S. 335, 339.)  If the accused is indigent, he or she has the right to have counsel appointed for him or her.  (*Ibid*.)  If the accused can retain an attorney of his or her own choosing, the trial court must "make all reasonable efforts" to ensure the accused may be represented by that attorney.  (*People v. Courts* (1985) 37 Cal.3d 784, 790 (*Courts*).)  Regardless of whether defense counsel is appointed or retained, the right to assistance of counsel includes the right to effective assistance of counsel.  (*Strickland v. Washington* (1984) 466 U.S. 668, 686.)

4

The right to counsel, however, is not absolute. "[T]he trial court has discretion whether to grant a continuance to permit a defendant to be represented by retained counsel." (*People v. Jeffers* (1987) 188 Cal.App.3d 840, 850 (*Jeffers*).) The right to retained counsel must be " ' "carefully weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration.' " " (*Ibid.*) "The right to counsel of one's own choosing '… "can constitutionally be forced to yield only when it will result in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case." ' " (*Id.* at pp. 849–850.)

A trial court's denial of a request for continuance is reviewed for abuse of discretion. (*Jeffers, supra*, 188 Cal.App.3d at p. 850.) "In deciding whether the trial court's [denial of] a continuance was so arbitrary as to deny due process, this court 'looks to the circumstances of each case, ' "particularly in the reasons presented to the trial judge at the time the request [was] denied.' " ' " (*Ibid.*) Further, "[i]n the absence of a showing of ... prejudice to the defendant, a denial of his or her motion for a continuance does not require reversal." (*People v. Samayoa* (1997) 15 Cal.4th 795, 840 (*Samayoa*).)

II

*Analysis*

Barrera argues that the trial court's denial of his request to continue sentencing to allow him additional time to retain new counsel was prejudicial error because he has a right to retain counsel of his choice. He further argues the request, although made two days prior to sentencing, was not untimely because "[g]ranting the continuance would not have inconvenienced witnesses, the court or the prosecutor" and "sentencing hearings are frequently continued."

5

" ' "The granting or denial of a motion for continuance [to retain counsel] rests within the discretion of the trial judge who must consider not only the benefit which the moving party anticipates but also the likelihood that such benefit will result.' " " (*Samayoa, supra*, 15 Cal.4th at p. 840.) Here, Barrera sought a continuance to retain private counsel two days before the sentencing date. Barrera, however, had almost two months from the time he pleaded guilty to the date of sentencing. This provided him ample time to seek private counsel. Further, Barrera did not provide the court with any explanation for his apparent delay or what efforts, if any, he undertook to seek new counsel. Thus, the trial court's denial of his request for a continuance was not an abuse of the court's discretion. (See *Jeffers, supra*, 188 Cal.App.3d at p. 850 ["lateness of the request [for continuance] may be a significant factor justifying denial absent compelling circumstances to the contrary"]; *Courts, supra*, 37 Cal.3d at pp. 790–791 ["A continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel"].)

In addition, a continuance to retain private counsel at this late stage of the case would "disrupt[] the orderly processes of justice." (*Courts, supra*, 37 Cal.3d at p. 790.) Barrera twice alternated between self-representation and representation by appointed counsel. He expressed no intent to retain private counsel until just two days prior to sentencing and the record contains no indication Barrera was financially capable of retaining such counsel. Given these facts, the trial court was within its discretion to deny

6

the requested continuance.[2] (See *People v. Pigage* (2003) 112 Cal.App.4th 1359, 1367 [court's denial of continuance appropriate where no evidence defendant had attempted to obtain private counsel]; *People v. Johnson* (1970) 5 Cal.App.3d 851, 858 [denial of request for continuance to obtain private counsel on eve of trial not an abuse of discretion where defendant had four months between preliminary hearing and trial to do so].)

Moreover, even if the trial court erred in refusing to grant the continuance, any error was harmless because the court found Barrera had no basis to withdraw his plea. "Whether to grant or deny a defendant permission to withdraw a plea of guilty must be decided 'in the interest of promoting justice.'" (*People v. Williams* (1998) 17 Cal.4th 148, 164, fn. 7 (*Williams*).) The court's finding is well-supported by the record. At the second *Marsden* hearing, Barrera's counsel explained that she met with Barrera prior to the preliminary hearing and advised him that the district attorney had informed her the People were unwilling to dismiss the case, despite his Suboxone prescription, because he was found with strips and the jail only dispensed Suboxone in pill form. Counsel also informed him of the maximum sentence for the current charge, which, due to his prior strikes, was life in prison. Barrera's counsel stated she was surprised he decided to plead guilty in exchange for a stipulated two-year sentence because she advised him against it. Barrera told the court, "I'm tired and I pled to these

---

[2]    Appellant relies on *People v. Williams* (2021) 61 Cal.App.5th 627 for the proposition that a defendant's right to counsel of choice may only be overridden in compelling circumstances. *Williams* dealt with a request for continuance made one month prior to trial, at which time the defendant had contacted a replacement attorney and initiated efforts to fund private counsel. (*Id.* at pp. 651–653) *Williams* does not support Barrera's continuance request because, in contrast to the defendant in *Williams*, Barrera did not file his request until a mere two days before sentencing and he did not undertake any effort to find and retain a private attorney.

two years because I felt that I had no other way around it."[3]  This record supports the court's tacit finding that Barrera made the plea freely and voluntarily and Barrera provides us with no reason to question the trial court's credibility determination on this issue.  Because Barrera had no basis to withdraw his plea, the trial court's decision to deny the requested continuance did not prejudice him.  Thus, even if the court's decision was error, it was harmless.  (See *Williams*, at p. 162.)

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


IRION, J.

---

[3]  In addition, on the plea form executed by Barrera, he wrote his initials next to the term stating, "I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me."