[Crim. No. 10325.   In Bank.   Nov. 30, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. REALIN LUTHER BYOUNE, Defendant and Appellant.

Ellis J. Horvitz, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, J.—Defendant Realin Luther Byoune appeals from a judgment of conviction entered after a jury found him guilty of second degree robbery.

There is no question as to the sufficiency of the evidence supporting the judgment. Defendant's basic contention is that the trial court's refusal to grant him a continuance for the purpose of obtaining private counsel constituted, in the

circumstances of this case, a prejudicial abuse of discretion as well as a violation of his constitutional right to the assistance of counsel. Since it appears that this contention is meritorious, it is unnecessary to resolve defendant's other claims of prejudicial error.

On January 21, 1965, defendant was charged by information with grand theft. He was arraigned on January 29, 1965, a public defender was appointed to represent him, and the case was set for trial on March 25. On March 24 the information was amended by adding a second count charging defendant with robbery. The following day, prior to the commencement of the selection of jurors, defendant moved for a continuance so that he could retain private counsel. He admitted he was indigent but said that his brother, who lived in Chicago, would pay for an attorney if defendant were given the opportunity to contact him.

The trial court determined that the addition of the robbery count did not cause surprise since both charges arose out of the same facts. The court also concluded that defendant should have retained private counsel in the two months which intervened between the original arraignment and the trial if he was dissatisfied with his appointed counsel. For these reasons the court ordered that the jury be empaneled that day, though it agreed to postpone the taking of evidence until the following morning.

It is not disputed that defendant, who was incarcerated, had no reasonable opportunity to obtain private counsel overnight. Neither is it seriously disputed that appointed counsel, who proceeded to represent defendant on the following morning, conducted a competent defense in his behalf.

In the recent case of *People* v. *Crovedi, ante,* p. 199 [53 Cal.Rptr. 284, 417 P.2d 868], we held that due process of law, as it is expressed through the right-to-counsel provisions of the state and federal Constitutions, comprehends a right to appear and defend with retained counsel of one's own choice. We further observed, however, that this right is not absolute: it must be carefully weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case. (*People* v. *Crovedi, supra, ante,* pp. 199, 206.) A defendant may not, for example, demand a continuance if he is unjustifiably dilatory in obtaining counsel (*Ungar* v. *Sarafite,* 376 U.S. 575, 590 [11 L.Ed.2d 921, 84 S.Ct. 841]), or if he arbitrarily chooses to substitute counsel at the time of trial

(*People* v. *Morris,* 226 Cal.App.2d 12, 15 [37 Cal.Rptr. 741]). ■ ''There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'' (*Ungar* v. *Sarafite, supra,* 376 U.S. 575, 589.)

At the time of his motion for continuance defendant stated that he had not retained private counsel prior to that time because he was charged only with grand theft and was satisfied with assigned representation as long as that was the only charge to be brought against him. He said, however, that the addition of the more serious charge of robbery caused him to reconsider his decision.[1] It is clear that he promptly informed the court of his desire to obtain private counsel after he learned of the robbery charge. Therefore, the critical issue is whether the addition of that charge provided sufficient justification for the assertion by defendant of a right which he had theretofore failed to exercise.

A similar issue was presented in *Chandler* v. *Fretag,* 348 U.S. 3 [99 L.Ed. 4, 75 S.Ct. 1]. There defendant had waived counsel relative to a charge of housebreaking and larceny, but when he was advised by the court that he would also be tried as an habitual criminal because of prior convictions, he asked for a continuance so that he could retain private counsel to represent him as to the added accusation. The trial court, and the state appellate court, held that the prior waiver was binding. The U.S. Supreme Court reversed: ''Immediately on being informed of the accusation and suddenly finding himself in danger of life imprisonment, he requested a continuance so that he could engage the services of an attorney; but the trial court refused the request and forced him to stand immediate trial. On these undisputed facts, it is clear beyond question that petitioner did not waive counsel on the habitual criminal accusation.'' (*Chandler* v. *Fretag, supra,* 348 U.S. 3, 8-9.)

---

[1]Although defendant was eventually convicted of second degree robbery, the added count did not originally specify the degree of robbery and subjected defendant to a potential punishment of life imprisonment with a minimum sentence of five years. Second degree robbery is also punishable by life imprisonment and is distinguished from first degree robbery only in that the minimum sentence is one rather than five years. (Pen. Code, §§ 213, 671.) In contrast, the grand theft charge carried a maximum sentence of 10 years with no minimum sentence. Comments made by the trial court at the time of sentencing suggest that defendant's past record was not unblemished, and it seems that the possible maximum sentences are of more than hypothetical importance.

The *Chandler* case differs from that at bar in that there defendant was unrepresented by counsel at the time of his motion and during the subsequent trial, whereas in the instant case defendant was at all times represented by assigned counsel. It is clear, however, that the rationale of *Chandler* transcends this factual distinction, for, as we pointed out in *People* v. *Crovedi, supra, ante,* p. 199, at pp. 206, 207, the presence or absence of assigned counsel was considered irrelevant in *Chandler* because the right there at issue, to wit, the right to obtain counsel of one's own choice, is broader than or additional to the bare right to legal representation.

■ In the present case, as in *Chandler,* the prosecution added a new and more serious charge at a time which precluded defendant from obtaining private counsel before the scheduled commencement of trial. The new charge was not based upon newly acquired evidence and the People make no attempt to explain the failure to include the robbery count in the original information. These circumstances justified defendant's action in asserting his right to retain chosen counsel within a reasonable time after the information was amended. Further, no circumstances appear warranting the limitation of this right in the interests of efficient judicial administration. (See *People* v. *Crovedi, supra, ante,* pp. 199, 207.) Defendant's motion for continuance was made before the commencement of trial, and the record contains no indication that any significant inconvenience would have resulted if the jurors and witnesses[2] had been asked to return at some later date rather than the following morning.

We hold in these circumstances that defendant's motion for a reasonable continuance to obtain counsel of his choice should have been granted and that the denial of that motion constituted a violation of defendant's constitutional rights.

The judgment is reversed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Justice Lillie in the opinion prepared by her for the Court of Appeal, Second Appellate District, Division One (*People* v. *Byoune,* Crim. No. 11087, filed June 9, 1966, certified for nonpublication).

---

[2] The prosecution presented four witnesses at the trial. All of these resided in Los Angeles County, and three were members of the Los Angeles Police Department.