[Crim. No. 3567.   Fourth Dist., Div. One.   July 23, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN BUTCHER, Defendant and Appellant.

Roy W. Kurrasch for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael A. Heaman, Deputy Attorney General, for Plaintiff and Respondent.

AULT, J. pro tem.*—After a preliminary hearing, appellant John Butcher was charged in an information filed by the District Attorney of Orange County with two counts of grand theft (Pen. Code, §§ 484-487). Eventually he waived jury trial and stipulated the matter could be decided on the testimony contained in the transcript of the preliminary hearing. He was convicted on both counts and appeals from the judgment of conviction (order granting probation). He contends on appeal the trial court's denial of his motions to substitute private counsel for the public defender, to continue the trial date one week and to dismiss the public defender constituted an abuse of discretion and a denial of due process.

Appellant's preliminary hearing was held July 18, 1968. He was represented by Ronald Y. Butler, a deputy public defender. Appellant was held to answer and ordered to appear July 26th for arraignment in superior court. At arraignment the public defender was again appointed to represent appellant and Deputy Riccardi appeared on his behalf. Appellant entered a plea of not guilty to both counts and demanded a jury trial. He waived trial within the statutory period and the case was set for trial on October 21, 1968. He had previously been released on bond.

One week before the trial date, appellant contacted Mr. Kurrasch, a private attorney, to engage him to represent him at his coming trial. Mr. Kurrasch indicated he would represent appellant, but only if he could obtain a continuance to prepare for trial. The following day Mr. Kurrasch called the public defender, explained the situation, and was informed that office would contact the district attorney. On both Thursday and Friday of the week before the trial, Mr. Kurrasch talked to the deputy district attorney who was assigned to the trial. He was advised the two main prosecution witnesses were moving to Georgia and would leave California permanently on November 6, 1968. He also was advised the trial deputy had a full calendar for November and could not try the case during that month.

On October 21st, the trial date, appellant, Mr. Kurrasch, Mr. Bovee, the third deputy public defender to represent

*Assigned by the Chairman of the Judicial Council.

appellant, and the deputy district attorney appeared in the presiding department. Appellant moved to substitute Mr. Kurrasch as his attorney in place of the public defender and for a continuance. Both motions were denied without comment by the presiding judge, and the case was assigned to a department for trial.

In the trial department the same parties appeared, the motions were renewed,[1] and the matter was discussed in detail on the record. The trial judge was advised the prosecution witnesses planned to leave California on November 6th, and that the deputy district attorney could not try the case in November. It developed, however, both the witnesses and the deputy would be available the week of October 28th. It further developed that Mr. Bovee, the deputy public defender and appellant's attorney of record, was not prepared for trial. He had assumed from notations in his file made by the deputy who had appeared for appellant at the preliminary hearing and at his arraignment and from two telephone conversations he had with appellant on September 24th and October 4th, the matter would be disposed of without trial.

While the district attorney opposed any continuance which would cause the prosecution witnesses to remain after November 6th, or which placed the case for trial in November, he expressed no objection to continuing the case to October 28th. After assuring himself the prosecution witnesses and the deputy district attorney would be available, the trial judge concluded he would be inclined to grant the motions provided the continuance was for one week and no more. As revealed by the record of the hearing, the trial judge expressed this inclination on four separate occasions, subject always, however, to his "checking with the presiding judge":

"THE COURT: I might be inclined to grant a continuance for a week subject to my checking with the presiding judge. Would that do the defense counsel any good? I certainly am not disposed to order these people to stay here another two or three weeks.

"If you want to consult with your client or potential client and see if you can get prepared for going to trial next Monday, subject to my checking with the presiding judge, I might be inclined to grant your motion for one week.

".        .        .        .        .        .        .        .        .        .

"THE COURT: Yes. I do, too. You go consult with your

---

[1]The trial judge was advised the motions had been made and denied in the presiding department. It is clear, however, he undertook to hear and rule on the motions on their merits.

client and I will take the jury verdict in this other case. Then you let me know whether you want a week or not.

"[Directed to the Public Defender]: And you'd better check, too, in case you're going to have to prepare within the week.

". . . . . . . . . . .

"THE COURT: You check it over while I take the verdict in this other matter. Then if you want a week, subject to my checking with the presiding judge, I would be inclined to give you a week, but no more.

". . . . . . . . . . .

"THE COURT: You check with your client and see what he wants.

"(Recess)

"THE COURT: You've made two motions, one for substitution and, two, a motion for continuance.

"MR. KURRASCH: That is correct, your Honor.

"THE COURT: For the record, I have conferred with the presiding judge, and essentially to grant either motion at this time would be contrary to the general principles of the presiding judge and the calendar department, and therefore your motions, both of them, will be denied.

"MR. KURRASCH: For the record I'd like it understood that as to the motion to continue, which was following the motion to substitute, we offered to continue this for a week at a time when the complaining witness would be available. My motion is on that basis. I understand it's denied?

"THE COURT: Right."

Thereafter the trial judge indicated the trial would proceed and summoned a jury panel. The deputy public defender again stated he was not prepared for trial. Appellant moved to dismiss the public defender. The motion was denied. The jury panel arrived, was sworn and the noon recess was taken. After the recess appellant personally, and through the public defender, waived the jury and stipulated to submit the case on the transcript of the preliminary hearing. The judge read the transcript and found appellant guilty of both counts of grand theft. Appellant waived time for pronouncement of judgment and, on the recommendation of the district attorney, was placed on probation for three years on condition he serve the first 60 days of that time in the county jail and make restitution of the sums alleged to have been taken in the

information. The court granted a 30-day stay of execution so an appeal could be taken.[2]

█ The motion to substitute private counsel for the public defender and the motion to continue the trial for one week are interwoven and may be considered together. Both were addressed to the sound discretion of the trial court. (*People* v. *Byoune,* 65 Cal.2d 345, 346 [54 Cal.Rptr. 749, 420 P.2d 221].) It is apparent the trial judge who undertook to hear and determine the motions did not exercise his own judgment in denying them. It is clear he thought the motions should be granted. He denied the motions solely because to grant them "would be contrary to the general principles of the presiding judge and the calendar department." There is no indication what these "general principles" were, or whether they would in any manner tend to outweigh the several very cogent reasons advanced to grant the motions. A failure to exercise discretion is error. (*People* v. *Massie,* 66 Cal.2d 899, 917-918 [59 Cal.Rptr. 733, 428 P.2d 869]; *People* v. *United Bonding Ins. Co.,* 240 Cal.App.2d 895, 897 [50 Cal.Rptr. 198]; 5A C.J.S., Appeal and Error, § 1585, and cases cited therein.)

Even if the trial judge is considered to have exercised his discretion in denying the motions, the denial under the circumstances was an abuse of discretion and a violation of due process. █ The right to be represented by an attorney of one's choice, although not absolute, is fundamental, and courts should not interfere with the right unless to accommodate it would result in the disruption of the orderly process of justice unreasonably under the circumstances of the particular case. (*People* v. *Crovedi,* 65 Cal.2d 199, 208 [53 Cal.Rptr. 284, 417 P.2d 868]; *People* v. *Byoune, supra,* 65 Cal.2d 345, 346.) "Thus, though it is clear that a defendant has no *absolute* right to be represented by a particular attorney, still the courts should make all reasonable efforts to ensure that a defendant financially able to retain an attorney of his own choosing can be represented by that attorney."

---

[2]The court was aware the contemplated appeal would be based on its denial of defendant's motions. This is demonstrated by discussions which took place in chambers immediately before the afternoon session. The public defender indicated a solution to the case, agreeable to both sides, had been worked out and the defendant would change his plea to guilty if the court would sign and file a certificate of probable cause. (Pen. Code § 1237.5.) The trial judge stated "I'll file a Certificate of Probable Cause." The only basis for such a certificate at that stage of the proceeding was the question raised by the court's ruling on defendant's motions to substitute counsel and for a continuance. The record does not indicate why a different procedure was followed when the parties reappeared in the courtroom.

(*People* v. *Crovedi,* 65 Cal.2d 199, 207 [53 Cal.Rptr. 284, 417 P.2d 868].)

Several factors in the instant case indicate the motions to substitute counsel and to continue the trial should have been granted:

1) The length of time requested was reasonable (one week), and would not have resulted in an unreasonable delay of the trial.

2) While appellant may be criticized for delaying as long as he did to engage private counsel and for waiting until the day of trial to make his motions, there is no indication he was being dilatory or seeking to avoid trial. This was his first and only application for a continuance.

3) The district attorney's office had been advised beforehand that the motions would be made and expressed no real opposition to a continuance to October 28th.

4) A delay of the trial for one week would not have inconvenienced either the deputy district attorney or the prosecution witnesses. All would be available for trial on October 28th, the date requested.

5) The deputy public defender, who under the rulings remained appellant's counsel of record, had not prepared for trial and was not ready to proceed.

6) Appellant was not requesting a continuance to obtain private counsel and the court was not faced with the uncertainties and contingencies of that circumstance. Appellant's privately retained counsel was before the court and willing to commit himself to a date one week hence.

7) There is nothing in the record to indicate the continuance of this trial from October 21st to October 28th would interfere with the efficient administration of justice or that the Superior Court in the County of Orange was not just as able to accommodate this trial on the latter date as upon the former.

As in *People* v. *Crovedi, supra,* 65 Cal.2d 199, 206, we believe the words of Mr. Justice White in *Ungar* v. *Sarafite,* 376 U.S. 575, at page 589 [11 L.Ed.2d 921, 931, 84 S.Ct. 841], are particularly applicable: " 'The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if a party fails to offer evidence or is compelled to defend without counsel. [Citation.] Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel

an empty formality. [Citation.] There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' ''

Under all the circumstances we think the trial judge should have exercised his discretion, as the record clearly shows he was inclined to do, by granting the motion for a continuance of one week so that appellant could have been represented by counsel of his choice and that the denial of the motion constituted a violation of appellant's constitutional rights. (*People* v. *Byoune, supra,* 65 Cal.2d 345, 348.) This ruling makes it unnecessary to discuss appellant's other contention of error.

The judgment is reversed.

Brown (Gerald), P. J., and Coughlin, J., concurred.