Filed 8/19/14  P. v. Coronado CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DENNIS KEVIN CORONADO,<br><br>    Defendant and Appellant. | B248829<br><br>(Los Angeles County<br>Super. Ct. No. VA122500) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio and Peter Espinoza, Judges.  Affirmed.

Donald L. Stansbarger for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Jonathan J. Kline and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Dennis Kevin Coronado appeals from a judgment and sentence, following his convictions for oral copulation with and committing lewd acts upon a child. Appellant contends his convictions should be reversed, as he was denied his right to counsel of choice. He argues (1) that the trial court erred in denying his motion to substitute new trial counsel, which he made on the eve of trial; and (2) that the court erred in denying his motion for a new trial. For the reasons stated below, we affirm.

## PROCEDURAL HISTORY

In an information filed May 1, 2012 by the Los Angeles County District Attorney, appellant was charged with three counts of forcible lewd acts upon a child (Pen. Code, § 288, subd. (b)(1); counts 1, 3, & 4),[1] and three counts of oral copulation/sexual penetration with a child under the age of 10 (§ 288.7, subd. (b); counts 2, 5, & 6). Appellant pleaded not guilty.

Appellant was represented by deputy public defender Lizandro Salas at his preliminary hearing. Deputy public defender Tammy L. Landeros later became appellant's attorney of record. On November 21, 2012, appellant orally requested new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Following a hearing, the court denied the motion. On December 17, 2012, trial was set for January 2, 2013. At a later court date, appellant indicated he had retained private counsel, but when the public defender contacted private counsel, she was informed that he had not yet been retained. On the date set for trial, January 2, private counsel appeared. Appellant sought to relieve his public defender and to substitute private counsel. Private counsel stated he was not ready for trial and sought a continuance. The prosecutor objected, based on the age of

---

[1]     All further statutory citations are to the Penal Code.

the case, the stress on the victim, the fact that the case had been set for trial, and the fact that there had been five prior continuances. The court denied appellant's motion, and the matter was trailed for trial the next day. On January 3, 2013, private counsel again appeared. The prosecutor and public defender announced ready for trial. Appellant was offered and rejected a final plea bargain. Appellant again sought to substitute private counsel for his public defender. The court denied the motion. Appellant made another *Marsden* motion, which was heard and denied.

A jury found appellant guilty of all charges. Appellant's motion for a new trial, based on the court's denial of his motion to substitute counsel and ineffective assistance of trial counsel, was heard and denied. Appellant was sentenced to a term of 30 years to life in state prison: 10 years each on counts 1, 3, and 4, to run consecutively, plus concurrent 15-year-to-life terms on counts 2, 5, and 6.

Appellant timely noticed an appeal from the judgment of conviction.

## FACTUAL BACKGROUND[2]

Amber first met appellant, a bus driver, in 2006 when she began riding on his bus line. Appellant became a friend of Amber's family, and Amber and her husband trusted appellant with their children. Appellant would come over almost every weekend: Amber would do appellant's laundry while he played with her children.

Amber's daughter, E., who was seven years old at the time of trial, testified that appellant began molesting her multiple times during the prior year. Appellant molested E. at her home, at a laundromat, and at appellant's house. After E. informed her mother Amber, E. was taken to the hospital and police station. At the police station, E. spoke with an officer about the molestation.

---

[2] We limit our discussion of the facts to those relevant to the issues on appeal.

Appellant presented no defense evidence.

## DISCUSSION

Appellant contends the trial court committed reversible error when it denied him "counsel of his choice," "forcing him to go to trial with unwanted, unprepared, and/or incompetent Counsel." Appellant further contends his convictions should be reversed, as defense counsel rendered ineffective assistance at trial.

A. *Right to Counsel of Choice*

"The right to the effective assistance of counsel 'encompasses the right to retain counsel of one's own choosing. [Citations.]'" (*People v. Courts* (1985) 37 Cal.3d 784, 789 (*Courts*), quoting *People v. Holland* (1978) 23 Cal.3d 77, 86.) "'A necessary corollary [of the right] is that a defendant must be given a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth. [Citations.]' [Citations.] In addition, counsel, 'once retained, [must be] given a reasonable time in which to prepare the defense.' [Citation.]" (*Courts*, *supra*, at p. 790.) However, "[t]he right to such counsel 'must be carefully weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case.'" (*Ibid.*, quoting *People v. Byoune* (1966) 65 Cal.2d 345, 346.) Accordingly, "[a] continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial.'" (*Courts*, *supra*, at pp. 790-791, quoting *People v. Byoune*, *supra*, at pp. 346-347.) For example, where a request for a continuance is made on the eve of trial, day of trial or second day of trial, the lateness of the continuance request justified a denial, absent compelling circumstances to the contrary. (*Courts*, at p. 792, fn. 4 [citing cases].)

Here, the trial court did not err in denying appellant's motions to substitute counsel and to continue the trial, which were made on the eve of trial and the day trial commenced, as appellant presented no compelling reason to justify his delay in seeking to substitute counsel. Appellant first expressed dissatisfaction with his appointed counsel on November 21, 2012, but waited until the eve of trial -- six weeks later -- to substitute private counsel, who was not prepared to go to trial. Appellant provided no explanation for the delay. Moreover, granting the motion to substitute counsel would have required -- as appellant concedes on appeal -- a continuance of several weeks. The trial court properly considered the adverse effect that granting appellant's motions would have on the orderly and expeditious administration of justice, as the prosecution and its witnesses were ready for trial. Finally, although appellant's motions to relieve the public defender were based on alleged incompetency of counsel, as detailed below, the record demonstrates no incompetence of defense counsel. Accordingly, the court did not err in denying appellant's motions to substitute counsel and to continue the trial.

B. *Ineffective Assistance of Counsel*

Appellant next contends the trial court erred in denying his motion for a new trial, as his trial counsel rendered ineffective assistance. He contends (1) that defense counsel should have obtained video-recordings from the security cameras in the laundromat (where the jury found one incident of molestation occurred), and (2) that counsel should have contacted four witnesses who would have provided evidence supporting a theory that E.'s mother fabricated the sexual assaults on her minor child, as the mother was a "bus groupie" who was upset when appellant continually rejected her advances.

In order to prevail on a claim of ineffective assistance of counsel, appellant must show (1) that counsel's representation fell below an objective standard of

5

reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been more favorable to the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688; *People v. Gray* (2005) 37 Cal.4th 168, 206-207; *People v. Kelly* (1992) 1 Cal.4th 495, 519-520.) When "defense counsel's reasons for conducting the defense case in a particular way are not readily apparent from the record, we will not assume inadequacy of representation unless there could have been '"no conceivable tactical purpose"' for counsel's actions." (*People v. Earp* (1999) 20 Cal.4th 826, 896.)

Here, appellant has shown neither that defense counsel's actions fell below an objective standard of reasonableness, nor that there is a reasonable probability that absent counsel's alleged errors, the result would have been more favorable to him. First, although there was some evidence of video surveillance at the laundromat, there is no evidence that video-recordings for the specific time, date and location of the molestation incident actually existed. Appellant provided no evidence that they did. Indeed, defense counsel made the tactical decision to argue that the prosecution's failure to present video surveillance from the laundromat raised a reasonable doubt as to appellant's guilt.

Second, as to the failure to contact witnesses who would have impeached E.'s mother, defense counsel asserted that she *had* interviewed several potential defense witnesses, including at least one of the witnesses named by appellant. Counsel stated that she decided for tactical reasons not to call the witness, as she determined the testimony was "four levels of hearsay, completely inadmissible, uncorroborated." Moreover, E.'s mother did not witness any molestation. She merely testified that E. told her about appellant's actions. It was E. herself who testified to all of appellant's acts, and it was her testimony the jury credited. Thus,

there is no reasonable possibility that an attack on the mother's credibility would have resulted in a more favorable outcome for appellant. In sum, appellant has not shown ineffective assistance of counsel. Accordingly, the trial court did not err in denying appellant's motion for a new trial.

### DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

EDMON, J.*

_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.