Filed 9/15/21  P. v. Dearman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RYAN ALAN DEARMAN,<br><br>Defendant and Appellant. | C091422<br><br>(Super. Ct. No. CR603212) |

On the eve of trial, defendant Ryan Alan Dearman sought to substitute his public defender with private counsel and continue the trial date.  The trial court rejected defendant's request and the case proceeded to trial, where the jury found defendant guilty of dissuading a witness (Pen. Code, § 136.1, subd. (b)(2); count I) and misdemeanor domestic battery (*id*., § 243, subd. (e)(1); count III).  On appeal, defendant argues the trial court abused its discretion and violated his constitutional rights to due process and counsel when it denied his request to substitute counsel and continue trial.  We find no abuse of discretion and affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of facts is not necessary to resolve the issue raised on appeal. It suffices to say that defendant argued with his girlfriend and grabbed her by the neck while she was driving. Following his arrest, he urged his girlfriend not to talk to the police and asked his mother to convince his girlfriend to retract her allegations.

Defendant was arraigned on September 25, 2018. At the hearing, he indicated his intent to hire an attorney and the trial court granted him additional time to do so. On October 17, defendant again requested more time to engage a private attorney, which the court permitted. On November 7, defendant appeared with private counsel Atwal, and pleaded not guilty.

The preliminary hearing was set for December 2018, but the trial court continued the date twice, first at Atwal's request and next at the parties' joint request. Defendant eventually waived his right to a preliminary hearing on May 15, 2019.

On June 19, 2019, Atwal withdrew as defendant's counsel and the trial court appointed Assistant Public Defender Albert Smith, continuing the hearing two weeks to allow Smith to review the case. On July 3, Smith asked for another continuance, which the trial court granted. On July 23, the court set trial for November 7, 2019.

On October 1, 2019, the trial court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 on defendant's request to substitute Smith with another public defender. Defendant asserted that Smith was not showing sufficient interest in his case and was unhappy that Smith advised him to plead guilty. The court denied the motion, finding there was not an irreconcilable conflict between them that would result in ineffective representation. Defendant then asked whether he could represent himself with an attorney on standby. The court instructed defendant to speak with his attorney before deciding to represent himself. Defendant did not raise the issue of self-representation with the trial court again.

2

Thereafter, defendant attended two trial readiness conferences, during which the matter was twice confirmed for trial on November 7, 2019. Defendant did not mention new counsel at either hearing. On the afternoon before trial, attorney Michael Rooney appeared at the pretrial hearing and announced he had been retained by defendant. Rooney asked the court to substitute him in as counsel of record, but admitted he was unaware that trial was set for the next day and was unprepared to conduct the trial, as he had been retained that day and had not received any discovery. The prosecution objected to continuing the trial at the last minute, arguing that defendant's request was a stalling tactic.

Noting it was the eve of trial, the trial court listed all of the prior hearing dates at which defendant was present, observing that defendant had been aware of the November 7, 2019, trial date since July and reminded of that date at least twice. The court said defendant "has done virtually everything in his power to not have this go to trial, and he does have the right to his own counsel, and he has been given that opportunity for the last 13 months, and he has had every chance." "He does not have the right at the eve of trial to substitute in a private counsel when he has had opportunity."

Rooney responded that defendant might want to resolve the case with a plea, but that Rooney could not adequately advise him without reviewing discovery. He also explained that defendant initially asked to retain Rooney for a decreased retainer, which Rooney declined, and that defendant did not offer to pay him the full retainer until that morning. The trial court denied defendant's request to substitute counsel and continue the trial, finding no compelling circumstances supported his request. The court had "taken pains to make sure that [defendant] understands what's happening, and he has repeatedly rejected the offers and his bringing in someone at the last minute is, from this Court's' point of view, with the purpose of delaying or obstructing the trial." It noted defendant had "ample time" to choose an attorney, and the fact that he had initially

3

retained Atwal demonstrated that defendant knew how to hire private counsel, and could have done so well before the trial date.

Defendant was tried by jury the following day. After the jury found him guilty of dissuading a witness and misdemeanor domestic battery, the trial court placed defendant on probation for 36 months.

## DISCUSSION

Defendant contends the trial court abused its discretion by violating his constitutional rights to due process and counsel when it denied his motion to substitute counsel. While acknowledging his right to substitute counsel is not absolute, defendant maintains that he was diligent in seeking private counsel after the trial court denied his *Marsden* motion, while noting this was his first request for a trial continuance. He further asserts that the trial court denied his request without determining the length of continuance required, or whether a continuance would impact the availability of witnesses, evidence, or jurors needed for trial. Thus, defendant concludes that the trial court erroneously acted with a singular focus on preventing delay. We are not persuaded.

The constitutional rights of due process and effective assistance of counsel encompass a right to defend with privately retained counsel of one's own choice. (*United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 144; *People v. Courts* (1985) 37 Cal.3d 784, 789; *People v. Crovedi* (1966) 65 Cal.2d 199, 206-207.) Trial courts must make reasonable efforts to accommodate defendant's choice of retained counsel. (*Courts,* at p. 790, quoting *Crovedi,* at p. 207.) However, the right to defend with retained counsel is not absolute; it must be weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case. (*Gonzalez-Lopez,* at p. 152; *Courts,* at pp. 790-791; *People v. Byoune* (1966) 65 Cal.2d 345, 346.) "A continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial.'" (*Courts,* at

4

pp. 790-791.) "In deciding whether the trial court's denying a continuance was so arbitrary as to deny due process, this court 'looks to the circumstances of each case, " 'particularly in the reasons presented to the trial judge at the time the request [was] denied.' " ' " (*People v. Jeffers* (1987) 188 Cal.App.3d 840, 850.) The trial court's decision is reviewed for abuse of discretion. (*Ibid.*)

Although defendant is correct that the trial court did not make findings regarding the impact of the requested continuance or obtain details such as the length of time requested, the issue here is whether the severely delayed request for a discretionary change in counsel where proposed new counsel had not been told of the imminent trial date or received discovery even merited this type of detailed inquiry and findings in the first instance. Defendant presented no justification whatsoever for the delayed request to substitute counsel on the afternoon before trial. The trial court appointed Smith as his public defender in June, approximately four and a half months before trial. In July, defendant learned of his November 7, 2019, trial date. Defendant then requested a *Marsden* hearing on October 1, 2019, and although the trial court denied his motion, defendant did not indicate any intent to retain private counsel at that time, instead asking to represent himself but never following up on that request.

At the following two hearings, the trial court confirmed the November trial date, and again, defendant made no mention of his desire to retain counsel. Instead, defendant waited until the day before trial to retain Rooney, not only hiring him at the eleventh hour, but also apparently failing to tell Rooney of the imminent trial date and arrange for him to obtain information about the case. Defendant then gave no explanation for the delay other than his initial effort to pay Rooney less than his requested rate. However, defendant did not provide evidence he was financially unable to retain counsel earlier. And as noted by the trial court, defendant was familiar with the process of hiring counsel as he had initially hired private counsel for his case. Thus, the record reflects no good faith, diligent efforts by defendant to retain private counsel before his trial date, and the

5

court was within its discretion to deny the continuance. (See *People v. Jeffers, supra*, 188 Cal.App.3d at p. 850 [affirming trial court's denial of request to continue trial and substitute counsel where defendant made no good faith, diligent efforts to hire private counsel prior to trial and made no showing he was financially unable to retain counsel earlier].)

Further, where a defendant requests a continuance to substitute counsel on the eve or day of trial, the lateness of the continuance request is a "significant factor which justified a denial where there were no compelling circumstances to the contrary." (*People v. Courts, supra*, 37 Cal.3d at p. 792, fn. 4 [collecting cases].) Defendant here presented no compelling circumstances supporting his belated request; he simply preferred Rooney. However, Smith was prepared to preside over the trial the following day, and the trial court had recently found that Smith was effectively representing defendant. Rooney, on the other hand, had not reviewed any discovery, was unaware of the trial date, and admitted he was unprepared to conduct the trial the following day. The Sixth Amendment does not guarantee defendant a "meaningful relationship" with his counsel (*Morris v. Slappy* (1983) 461 U.S. 1, 14), and therefore, defendant's preference for one attorney over the other does not constitute compelling circumstances mandating a continuance.

Moreover, the trial court noted that defendant had obtained five continuances of various kinds throughout the proceedings, three at his request (though unopposed) and two stipulated. Viewing the history of this case and defendant's actions up until that point, including his lack of diligence in retaining counsel, the court perceived that he had made the request to substitute counsel "with the purpose of delaying or obstructing trial." We cannot say the trial court, who was in the best position to observe defendant and his counsel, came to this conclusion arbitrarily.

Finally, we note that the facts of this case render the case relied upon by defendant, *People v. Lopez* (2018) 22 Cal.App.5th 40, distinguishable. In *Lopez*, the

appellate court held that the trial court erred when it denied the defendant's request to discharge his retained counsel and have counsel appointed or retain new counsel, finding the age of the case (two years) and fact the motion was made a week before trial did not justify the trial court's denial. (*Lopez,* at p. 48.) However, in *Lopez*, unlike here, the defendant requested the discharge before it was clear the case would proceed to trial. (*Ibid.*) The prosecutor in *Lopez* also did not oppose the continuance. (*Ibid.*) And crucially, "the trial court did not indicate it believed Lopez had improper motives in seeking to discharge his counsel and, if anything, the record suggests the contrary. Lopez was clearly unsure whether to accept the prosecution's offer, and previous continuances were granted based on [Lopez's attorney's] difficulties in meeting with him." (*Ibid.*) Here, by contrast, defendant had been aware of the trial date for months and was effectively represented by Smith, the prosecution opposed the request, and the trial court found defendant's belated request was for the purposes of delay and obstruction.

We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

/s/
_____
Duarte, J.

We concur:

/s/
_____
Raye, P. J.

/s/
_____
Robie, J.