Filed 9/12/25  P. v. Mendoza-Vieyra CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082626 |
| v. | (Super.Ct.No. SWF2200553) |
| JONATHAN FAVIAN MENDOZA-VIEYRA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson III, Judge.  Affirmed with directions.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Jonathan Fabian Mendoza-Vieyra was charged with 12 counts of sexual offenses. He retained private counsel. After the parties announced ready and were transferred to a trial department for trial, Mendoza-Vieyra retained a new attorney and filed a motion to continue the trial to allow his newly retained counsel to substitute-in. He offered no explanation for why he waited to the eve of trial to seek new counsel. The trial court denied the motion, finding that it was untimely and failed to establish good cause for a continuance. The parties proceeded to trial and Mendoza-Vieyra was convicted on all counts.

The sole issue Mendoza-Vieyra raises on appeal is that the trial court violated his constitutional rights to counsel and due process of law by denying his motion to continue the trial so he could be represented by the counsel of his choice. We conclude the trial court did not abuse its discretion in denying the motion. We have also determined the abstract of judgment does not accurately reflect the trial court's oral pronouncement of judgment.

Accordingly, we affirm the judgment and direct the trial court to prepare a corrected abstract of judgment.

## BACKGROUND

A. *Facts and Charges*

We only briefly summarize the facts of the offenses as they are not germane to the issue on appeal. Mendoza-Vieyra was married to L.P. On January 6, February 24, and February 27, 2022, Mendoza-Vieyra sexually assaulted L.P.'s 16-year-old sister G.P. He

took a video on his phone of the assault on January 6. Around March 11, Mendoza-Vieyra began talking with L.P. about kidnapping G.P. L.P. told G.P. about the kidnapping plan, and then L.P., G.P., and their mother went to another city and reported the assaults to the police.

The Riverside County District Attorney's Office later filed an information charging Mendoza-Vieyra with five counts of forcible rape, each with an allegation that the victim was a minor age 14 or older (Pen. Code,[1] §§ 261, subd. (a)(2) & 264, subd. (c)(2), counts 1, 2, 3, 8, 11); five counts of forcible oral copulation (§ 287, subd. (c)(2)(A), counts 4, 5, 9, 10, 12); two counts of forcible sexual penetration (§ 289, subd. (a)(1)(A), counts 6, 13); and one count of using a minor in the production of pornography (§ 311.4, subd. (c), count 7). The information also alleged seven factors in aggravation—that the offense involved great violence or a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court,[2] rule 4.421(a)(1)); that the victim was particularly vulnerable (rule 4.421(a)(3)); that Mendoza-Vieyra induced a minor to engage or assist in the commission of the crimes (rule 4.421(a)(5)); that the crimes involved planning or sophistication (rule 4.421(a)(8)); that Mendoza-Vieyra took advantage of a position of trust and confidence (rule 4.421(a)(11)); that he engaged in

---

[1] All further undesignated statutory references are to the Penal Code.

[2] All further undesignated rule references are to the California Rules of Court.

3

violent conduct (rule 4.421(b)(1)); and that his prior convictions or sustained juvenile petitions were numerous and of increasing seriousness (rule 4.421(b)(2)).[3]

B. *Relevant Procedural History*

Mendoza-Vieyra was represented by private attorney Todd J. Hilts at his initial court appearance on March 18, 2022, and throughout the entirety of the proceedings.

After six continuances at the defense request—four before the preliminary hearing and two after—a jury trial was eventually set for April 26, 2023.[4] On April 26, attorney Hilts announced ready for trial. The prosecutor was not ready, and the court trailed the trial to May 3. On May 3, both parties announced ready and the matter was transferred from the master calendaring department to the trial department for trial. The trial date was reset to May 11.

On May 8, attorney Mary Bernal contacted the prosecutor about substituting-in to represent Mendoza-Vieyra at trial.

On May 9, attorney Hilts filed a motion to continue the trial to allow attorney Bernal to substitute-in. In his moving papers, attorney Hilts stated that Mendoza-Vieyra had retained attorney Bernal, and that Bernal was willing to substitute-in if the matter was transferred back to the master calendaring department and she was given sufficient time to prepare. Attorney Hilts further stated Mendoza-Vieyra was now refusing to work

---

[3] The allegation that Mendoza-Vieyra induced a minor to engage or assist in the commission of the crimes (rule 4.421(a)(5)) was later amended to allege that Mendoza-Vieyra induced others to commit or assist in the commission of the crimes (rule 4.421(a)(4)).

[4] All further date references are to the year 2023.

4

with him, and it would cause "irreparable damage and severely infringe upon [Mendoza-Vieyra's] [c]onstitutional [r]ights to be represented by an attorney of his choosing" if the court were to deny the motion.

The prosecutor filed an opposition requesting the court deny the motion because the defense had not established good cause for a continuance. The prosecutor noted attorney Hilts had been representing Mendoza-Vieyra for the past 14 months, and now, on the eve of trial, Mendoza-Vieyra was requesting new counsel, but he did not give any reason for the request. The prosecutor argued that given the charges and the "voluminous" discovery, it would require a lengthy delay for a new attorney to substitute-in at this point. The prosecutor argued that the People had been "patient and accommodating in the scheduling and re-scheduling of the jury trial at defense's request thus far" but that the People have a right to an "'expeditious disposition'" under section 1050, subdivision (a), and a lengthy delay would prejudice the People, the juvenile victim, and the witnesses who were all ready and available for trial.

The court heard the continuance motion on May 11. However, before getting to the motion, the court granted the prosecutor's request to file a first amended information. The new pleading eliminated a count of oral copulation by force and amended the remaining counts of oral copulation by force and sexual penetration by force to allege

that the victim was a minor age 14 or older.  This resulted in an increased exposure of four years.[5]

The parties then addressed the continuance motion.  Attorney Bernal was present in court and ready to substitute-in if the court granted the motion.  Attorney Hilts started off by requesting the court return the matter to the master calendaring department because he made a mistake in announcing ready for trial on May 3.  Hilts said he initially announced not ready that day because he was getting "mixed signals" from Mendoza-Vieyra.  Mendoza-Vieyra was requesting the case be put out for two weeks but was not "being forthcoming with things."  Additionally, Mendoza-Vieyra's parents had not paid Hilts, nor had they provided clothes for Mendoza-Vieyra to dress out.  Hilts said he ultimately announced ready on May 3 because he was presented with the opportunity to keep the case in the same courthouse, which was a convenient location for him.  Hilts added that he was "the last person to actually find out that [he] was going to be subbed out of the case."

Hilts went on to explain that when he and Mendoza-Vieyra were getting ready for trial, they had a difference of opinion over trial strategy.  Hilts explained his strategy to

---

[5] The first amended information removed count 12, oral copulation by force, and renumbered count 13, sexual penetration by force, to count 12.  It also amended all remaining counts of oral copulation by force and sexual penetration by force to allege that the victim was a minor age 14 or older (amending counts 4, 5, 9, & 10 from § 287, subd. (c)(2)(A) to § 287, subd. (c)(2)(C), and counts 6 and 12 from § 289, subd. (a)(1)(A) to § 289, subd. (a)(1)(C)).

The removal of the oral copulation by force count reduced the exposure by eight years (§ 287, subd. (c)(2)(A)), while the amending of counts 4, 5, 6, 9, 10, & 12, increased the exposure by 12 years—two years for each count.  (Compare § 287, subd. (c)(2)(A) with (c)(2)(C); and § 289, subd. (a)(1)(A) with (a)(1)(C).)

Mendoza-Vieyra and was under the impression they had resolved the disagreement, but now he realizes they did not. Hilts said they disagree about "very important parts of the case" and Hilts is hesitant to go forward knowing another attorney is ready, willing, and able to take the case. Hilts said, at the end of the day, Mendoza-Vieyra is facing 100-plus years in prison and "he has a right to make sure, when he's going into war, he's going to be … with the person of his choosing. And it is not me."

The prosecutor submitted on her written opposition. She stated the People remained ready for trial, and asked the court to consider whether Mendoza-Vieyra had been unjustifiably dilatory in obtaining counsel or was arbitrarily choosing to substitute counsel at the time of trial.

The court denied the motion. The court found the motion was untimely and that the defense had not established good cause for a continuance. The court noted that attorney Hilts had been representing Mendoza-Vieyra since the start of the case, that both parties had announced ready for trial and were assigned to a trial department, and it was not until the eve of trial that Mendoza-Vieyra requested new counsel. The court also took into consideration that the People and the victims have a right to proceed to trial, and the victims have the right to be heard. The court did not have a problem with attorney Bernal substituting-in, but said it would not grant a continuance for her to do so. In terms of a timeline, the court noted Mendoza-Vieyra's case was trailing another matter. The court anticipated it would summon a jury panel the following week, and if attorney Bernal could be prepared by then, she could substitute-in. Attorney Bernal responded that Mendoza-Vieyra's constitutional right to the attorney of his choice trumped the People's

right to proceed to trial, and that the case was only about a year old, which given the exposure, was not so old that the court should deny the continuance. Attorney Bernal said it would not be ethical for her to substitute-in with only a week to prepare. The court said it understood, but it made its ruling.

Attorney Hilts later renewed the motion to continue, and the court denied it again.

C. *Trial and Sentencing*

On June 7, the jury found Mendoza-Vieyra guilty of all charges and found true the allegations that the victim was a minor age 14 or older.

Mendoza-Vieyra waived his right to a jury trial on the aggravating factors, and at a bifurcated proceeding ahead of the sentencing hearing, the court found all of the alleged aggravating factors true beyond a reasonable doubt.

On October 20, the court sentenced Mendoza-Vieyra to 95 years in state prison. The sentence was comprised of the middle term of two years for using a minor in the production of pornography (§ 311.4, subd. (c), count 7), plus fully consecutive terms for the remaining counts—the middle term of nine years for each count of forcible rape of a minor age 14 or older (§§ 261, subd. (a)(2) & 264, subd. (c)(2), counts 1, 2, 3, 8, & 11), the middle term of eight years for each count of forcible sexual penetration of a minor age 14 or older (§ 289, subd. (a)(1)(C), counts 6 & 12), and the middle term of eight years for each count of forcible oral copulation of a minor age 14 or older (§ 287, subd. (c)(2)(C), counts 4, 5, 9, & 10).

The court also awarded Mendoza-Vieyra credit for 672 days served (585 actual days and 87 days of conduct credit under § 2933.1), imposed and stayed various fines and fees, and ordered victim restitution in an amount to be determined.

Mendoza-Vieyra timely filed a notice of appeal.

## DISCUSSION

## I.

### *The Right to Counsel of One's Choice*

A. *Applicable Legal Standards*

"The Sixth Amendment right to counsel guarantees a criminal defendant the right to choose his or her own counsel when the defendant does not need appointed counsel." (*People v. Woodruff* (2018) 5 Cal.5th 697, 728 (*Woodruff*); *United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 144.) Additionally, "due process of law, as it is expressed through the right-to-counsel provisions of the state and federal Constitutions, comprehends a right to appear and defend with retained counsel of one's own choice." (*People v. Byoune* (1966) 65 Cal.2d 345, 346 (*Byoune*).)

While a criminal defendant does not have an "'*absolute* right'" to be represented by a particular attorney, the trial court "'should make all reasonable efforts to ensure that a defendant financially able to retain an attorney of his own choosing can be represented by that attorney.'" (*Woodruff*, *supra*, 5 Cal.5th at p. 728, quoting *People v. Crovedi* (1966) 65 Cal.2d 199, 207 (*Crovedi*).) "[T]he state should keep to a necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources." (*Crovedi*, *supra*, at

9

p. 208.) Accordingly, any limitation on the right to retained counsel of one's choice must be "carefully circumscribed." (*People v. Courts* (1985) 37 Cal.3d 784, 790 (*Courts*).) The right "'can constitutionally be forced to yield *only* when it will result in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.'" (*Ibid*.)

In California, the right to retained counsel of choice encompasses the decision to discharge an attorney whom the defendant no longer wishes to retain. (*People v. O'Malley* (2016) 62 Cal.4th 944, 1004.) When the trial court is presented with a motion to discharge or substitute a retained attorney, the court "in its discretion, may deny such a motion if discharge will result in 'significant prejudice' to the defendant [citation] or if it is not timely, i.e., if it will result in 'disruption of the orderly processes of justice.'" (*People v. Ortiz* (1990) 51 Cal.3d 975, 983; *People v. Lara* (2001) 86 Cal.App.4th 139, 153 (*Lara*); see *Gonzalez-Lopez, supra*, 548 U.S. at p. 152 [recognizing the "trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness" and "the demands of its calendar"].) "[T]he 'fair opportunity' to secure counsel of choice provided by the Sixth Amendment 'is necessarily [limited by] the countervailing state interest … in proceeding with prosecutions on an orderly and expeditious basis, taking into account the practical difficulties of 'assembling the witnesses, lawyers, and jurors at the same place at the same time.'"" (*Ortiz, supra*, at pp. 983–984.)

Thus, a court "faced with a request to substitute retained counsel must balance the defendant's interest in new counsel against the disruption, if any, flowing from the substitution." (*Lara, supra*, 86 Cal.App.4th at p. 153.) When balancing the interests, the

court must do so with a view toward accommodating the defendant's request when reasonable under the circumstances of the particular case. (*Courts*, *supra*, 37 Cal.3d at p. 790; *Byoune*, *supra*, 65 Cal.2d at p. 346.)

Often, as was the case here, a request to substitute counsel is made in the context of a motion to continue the trial. The rules governing motions to continue are well established. A motion to continue trial "shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) The burden of showing good cause is on the party moving for the continuance. (*People v. Mickey* (1991) 54 Cal.3d 612, 660 (*Mickey*).)

When a continuance request is "linked to an assertion of the right to retained counsel," the court should accommodate the request "'to the fullest extent consistent with effective judicial administration.'" (*Courts*, *supra*, 37 Cal.3d at p. 791.) "'[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.'" (*Ibid*.) However, a criminal defendant who desires to retain counsel is required to act with diligence and may not demand a continuance if he has been "'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial.'" (*Id*. at pp. 790–791; *People v. Dowdell* (2014) 227 Cal.App.4th 1388, 1411.)

We review the trial court's ruling on a motion to continue trial for abuse of discretion. (*Mickey*, *supra*, 54 Cal.3d at p. 660; *People v. Blake* (1980) 105 Cal.App.3d 619, 624 (*Blake*).) There is no "mechanical test" for deciding whether the denial of a continuance is so arbitrary as to violate due process. Rather, each case must be decided on its own facts. (*Blake*, *supra*, at p. 624.) We look "to the circumstances of each case,

11

"'particularly in the reasons presented to the trial judge at the time the request [was] denied.'"" (*Courts*, *supra*, 37 Cal.3d at p. 791.)

The erroneous denial of a defendant's right to the retained counsel of his or her choice is presumptively prejudicial and subject to automatic reversal. (*Ortiz*, *supra*, 51 Cal.3d at p. 988; *Gonzalez-Lopez, supra*, 548 U.S. at pp. 150, 152.)

## B. *Application to the Present Case*

### 1. *Lack of Diligence*

Mendoza-Vieyra's case shares many similarities with *People v. Brady* (1969) 275 Cal.App.2d 984 (*Brady*). In *Brady*, the defendant was represented by private counsel at the preliminary hearing, and then the day before trial, he decided that he wanted a different attorney for strategic reasons. (*Id*. at p. 993.) He then appeared in court on the day trial was scheduled to begin with his current counsel and a new attorney who sought to substitute-in. (*Id*. at p. 994.) He requested to continue the trial to allow for the substitution of counsel, and the trial court denied the request. The Court of Appeal affirmed, explaining that "[w]hile there had been no prior continuance of the trial date, there was no logical explanation given for the defendant's waiting until the eve of trial before attempting to obtain substitute counsel." (*Id*. at pp. 993–994.) The defendant made the choice to retain the initial attorney, and he had the opportunity to hire another attorney between the preliminary hearing and the scheduled trial date, but "the defendant did not act promptly or diligently in securing another attorney. … Consequently, there was no abuse of discretion in denying the motion for continuance." (*Id*. at p. 994.)

Similarly here, Mendoza-Vieyra made a last-minute decision that he wanted to pursue a different trial strategy than the one attorney Hilts planned to use, and he retained attorney Bernal on the eve of trial for that purpose. He then sought to continue the trial to allow attorney Bernal to substitute-in, yet he made no attempt to show he had been diligent in seeking to replace his counsel, or that any other compelling circumstances warranted the last-minute nature of his request. Mendoza-Vieyra was aware of the strategy attorney Hilts was planning to use at trial and he had the opportunity to take reasonable and timely steps to seek out new counsel, yet he waited, without explanation, to the eve of trial to request to substitute his counsel.

Based on these facts, the trial court could reasonably conclude that Mendoza-Vieyra had been unjustifiably dilatory in waiting until the eve of trial to retain new counsel. Accordingly, the trial court did not abuse its discretion in denying Mendoza-Vieyra's continuance request. (*Courts*, *supra*, 37 Cal.3d at pp. 790–791 ["A continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial'"].)

2. *Reasonableness of the Request*

Mendoza-Vieyra does not address his lack of diligence. Instead, he emphasizes that the right to counsel of one's choice may *only* be forced to yield "'when it will result in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case'" (*Courts*, *supra*, 37 Cal.3d at p. 790), and he contends that his last-minute request to substitute counsel was not unreasonable under the circumstances of the case. He argues

13

the case had not been pending that long given the seriousness of the charges; that the prosecution had just amended the information to increase his exposure; and that his decision to retain new counsel was based on a difference of opinion over trial strategy with attorney Hilts. He also emphasizes that this was not a situation where he was seeking a continuance to *obtain* trial counsel; he had already retained counsel who was present and ready to proceed if the court granted the continuance.

In *Williams*, *supra*, 61 Cal.App.5th at page 652, the court relied on similar reasons to conclude the record contained "'compelling circumstances'" to mitigate the last-minute nature of the defendant's motion to continue the trial to substitute-in newly retained counsel. The court noted the case was not that old given its seriousness, the defendant's request to substitute counsel was not attributable to gamesmanship, and his new counsel was ready and willing to substitute-in. (*Id*. at pp. 652–654) But *Williams* was a case where the defendant "had not engaged in any dilatory conduct" in seeking to replace his counsel. (*Id*. at p. 654.) These circumstances necessarily carry different weight when the defendant was not diligent in seeking new counsel. (See *Brady*, *supra*, 275 Cal.App.2d at p. 993 [when the defendant has been "inexcusably dilatory" in seeking to replace his counsel, "other factors, including the speedy disposition of criminal charges, demand recognition"].)

Thus, in addition to the circumstances Mendoza-Vieyra identifies, we also consider that this was Mendoza-Vieyra's seventh request to continue the trial (third request after the preliminary hearing), and that he was seeking to have the matter—which was entitled to statutory preference in trial setting because it involved a juvenile victim

14

(§ 1048, subd. (b))—transferred back to the master calendaring department after both parties had announced they were ready to proceed, and the witnesses were ready and available for trial. Having offered no reason to explain or justify the last-minute nature of his request to substitute counsel, the record supports a finding that granting the request would have resulted in a disruption to the orderly processes of justice unreasonable under the circumstances of the case.

Accordingly, having considered the totality of the circumstances, we conclude the trial court did not abuse its discretion in denying Mendoza-Vieyra's motion to continue the trial. Mendoza-Vieyra failed to establish he was diligent in seeking to replace his counsel, and the record supports a finding that granting the motion would have resulted in a disruption to the orderly processes of justice unreasonable under the circumstances of the case.

## II.

### *The Abstract of Judgment*

The abstract of judgment must accurately reflect the judgment imposed by the trial court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) When it does not, the reviewing court may order the clerical error corrected on its own motion. (*Ibid.*)

Here, the abstract of judgment incorrectly reflects that Mendoza-Vieyra was convicted by a court trial, when he was convicted by a jury. It also incorrectly reflects that count 12 (forcible sexual penetration of a minor over age 14, § 289, subd. (a)(1)(C)) was stayed under section 654, when it was imposed fully consecutively.

Accordingly, on our own motion, we direct the trial court to correct these errors.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment that reflects Mendoza-Vieyra was convicted by a jury, and that count 12 was imposed fully consecutively and not stayed under section 654. The court is further directed to send the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

McKINSTER_____

J.

FIELDS_____

J.